### GRIFFITH v. MOSLEY.

Opinion delivered March 8, 1902.

1. IMPEACHING VERDICT—AFFIDAVIT OF JURORS.—The affidavits of jurors that the trial judge went into the jury room while they were considering their verdict, and made certain statements, are inadmissible to impeach the verdict. (Page 246 )

2. INSTRUCTING JURY IN ABSENCE OF PARTIES—CONSENT.—Appellant cannot complain that the trial judge went into the jury room and privately instructed the jury if he consented thereto. (Page 246.'

Appeal from Miller Circuit Court.

JOEL D. CONWAY, Judge.

Affirmed.

*Kirby & Carter,* for appellant.

Since appellant did not learn of the action of the judge until after the expiration of three days, Sand. & H. Dig., §§ 5541 and 5843, does not apply.

*W. H. Arnold,* for appellee.

Except to show that the verdict was reached by lot, the affidavit of the jurors who tried a case are not admissible to impeach the verdict. 37 Ark. 519; 48 Ark. 396; 5 Ark. 444; 15 Ark. 452; 13 Ark. 317; 15 Ark. 403; 29 Ark. 293; 35 Ark. 109; 59 Ark. 132.

BATTLE, J. This action was brought by J. N. Griffith against J. G. Mosley to recover the possession of a sow and her pigs. Both parties claimed the property sued for and its possession. The issues in the case were tried by a jury, which, after hearing the evidence adduced by the parties, returned a verdict in favor of the defendant, and judgment was rendered accordingly, and plaintiff appealed.

The record shows that each party introduced a number of witnesses at the trial, and that the testimony of the witnesses of each party tended to show that he was the owner of the sow and pigs. The evidence adduced by the appellant tended to prove, among other things, that he lost the sow and pigs for three or four months before the commencement of this action, and that when he found them he was enabled, to a considerable extent, to identify them by flesh marks.

After the verdict and judgment, on the 14th of June, 1900, the appellant filed a motion for a new trial, alleging that the verdict was contrary to the law and evidence; and on the 22d day of June, 1900, filed a motion to amend his motion for a new trial by alleging therein, as a ground thereof, that the judge of the court went into the room where and when the jury was considering its verdict, at its request, and while there said that it was impossible or very hard to recognize stock by its flesh marks after it had been gone three or four months; and attached to the motion the affidavits of three jurors to sustain this allegation.

The appellant filed a motion to strike out the motion to amend because it was not filed within the three days prescribed by law, and to strike from the files of the court the three affidavits because they were made to impeach the verdict. Nothing was brought to the knowledge of the court to sustain the motion to amend, except the affidavits. On the contrary, the bill of exceptions shows that the judge, by the consent of the parties, went into the jury room to ascertain whether there was a probability of the jury agreeing, and that he had no recollection of the remark or statement set forth in the affidavits, and did not believe that he had made

it, and that he said nothing which could have influenced the jury for or against either party.

The motion to strike out and from the files of the court was sustained, and the motion for a new trial was overruled.

The only question in the case is, were the affidavits admissible to impeach the verdict of the jury? This question has been answered in the negative by many decisions of this court. *Pleasants* v. *Heard,* 15 Ark. 403; *Fain* v. *Goodwin,* 35 Ark. 109; *St. L., I. M. & S. Ry. Co.* v. *Cantrell,* 37 Ark. 519; *Ward* v. *Blackwood,* 48 Ark. 396.

The judge should not have gone into the room where and when the jury was considering its verdict, but, inasmuch as the appellant consented, he cannot complain. If the jury needed instructions or information as to the law or facts in the case, it should have gone before the court to receive the same in the presence of the parties.

Judgment affirmed.