## I. N. BROWN *v.* E. B. SAMS.*

### (*Knoxville.* September Term, 1907.)

1. **PARTITION FENCES.** Erected and maintained at joint expense; each to maintain particular part by agreement; liability for failure prevents recovery of damages by the one so failing.

   Partition fences upon the line between adjoining landowners may be erected and kept in repair at their joint expense; and when the fence is constructed between their cultivated lands, they may agree that each shall keep a particular part thereof in repair, and where such agreement is made, it is their duty to comply with it, and the one failing to discharge this duty is liable for all damages that may result from such failure, and therefore, cannot recover from the other damages caused to his crops by the other's hogs which passed through that part of the fence which he failed to keep in repair according to the agreement.

   Code cited and construed: Secs. 2998-3005 (S.); secs. 2258-2265 (M. & V.); secs. 1688-1692 (T. & S. and 1858).

   Acts cited and construed: Acts 1875, ch. 64.

2. **SAME.** Duty to keep in repair a certain portion cannot be avoided by verbal notice without the assent of the other.

   The obligation and contract upon the part of the adjoining landowners that each shall keep in repair a certain portion of a partition fence cannot be avoided or annulled by a verbal notice given by one to the other without the assent of the other; nor can the fence be removed under such circumstances.

   Acts cited and construed: Acts 1857, ch. 64; Acts 1897, ch. 95.

   Cases cited and distinguished: Clowers v. Sawyers, 1 Head, 157; Stallcup v. Bradley, 3 Cold., 407.

---

*Liability of owner for trespass of cattle, where partition fence is defective, see note to Bulpit v. Matthews (Ill.), 22 L. R. A., 55.

3.  **SAME.** Statutes relating to, not repealed by a no fence law, when.

A statute (Acts 1903, ch. 151), applicable to a certain county, making it unlawful to allow live stock to run at large, and making the owner liable for all damages done by such stock while at large, does not expressly repeal the statutes (Shannon's Code, secs. 2998-3005, and Acts 1875, ch. 64) in. relation to partition fences; nor does it repeal them by implication, since there is no inconsistency between the earlier statutes and the later statute. (*Post, p.* 681.)

Code cited and construed:     Secs. 2998-3005 (S.); secs. 2258-2265 (M. & V.); secs. 1688-1692 (T. & S. and 1858).

Acts cited and construed:     Acts 1875, ch. 64; Acts 1903, ch. 151.

Cases cited and approved:     Fisher v. Baldridge, 91 Tenn., 418; McCampbell v. State, 116 Tenn., 107.

4.  **SAME.** Hogs in owner's field are not "running at large" in sense of a no fence statute, when.

Hogs in the owner's field, and escaping therefrom through that part of a defective partition fence into the field of the adjoining landowner whose duty it was to keep the same in repair, were not "running at large" within the meaning of a no fence statute (Acts 1903, ch. 151) making it unlawful to allow live stock to run at large. (*Post, p.* 682.)

Acts cited and construed:  Acts 1903, ch. 151.

FROM HAMBLEN.

Appeal in error from the Circuit Court of Hamblen County.—G. Mc. Henderson, Judge.

Brown v. Sams.

JAMES A. CARRIGER, for plaintiff.

MCCANLESS & TATE and J. J. N. SYKES, for defendant.

———

MR. JUSTICE SHIELDS delivered  the  opinion of the Court.

This is an action of trespass, brought to recover damages to plaintiff's crop committed by the defendant's hogs. There was judgment in the trial court for the defendant, and the plaintiff brings the case to this court.

The facts as found by the trial judge are as follows: The plaintiff and defendant owned adjoining farms, and constructed upon the dividing line a partition fence; each agreeing to keep in repair a certain portion of it. After some years, and about two years before this suit was brought, the plaintiff notified the defendant verbally that he would no longer keep up his part of the fence, and allowed the same to become defective and out of repair. No written notice was given of the plaintiff's intention to withdraw from the agreement or to remove his part of the fence, and the defendant did not assent to such withdrawal. The defendant's hogs passed from his field, through that part of the fence which it was plaintiff's duty to keep up, into the field of the latter, and injured the crop growing thereon, to recover damages for which this action was instituted.

Partition fences upon  the  line  between adjoining landowners may be erected and kept in repair at the

joint expense of the adjacent proprietors. This may be done by agreement between the parties, or, in the absence of agreement, one party may erect or repair the fence and recover the proper proportion of the expense from the other. Code, secs. 1688-1692; Shannon's Code, secs. 2998-3005; Acts 1875, p. 75, ch. 64. When the fence is constructed, the parties may agree that each keep a particular part of the same in repair, and where such agreement is made it is their duty to comply with it, and any one failing to discharge this duty is liable for all damages that may result from such failure. Acts 1875, p. 75, c. 64. These statutes are compulsory on adjoining landowners, where, as the provisions in relation to crops imply, the lands are cultivated. The fence in such cases is equally beneficial to both of them, and the statute requires that they contribute equally to the expense of constructing and maintaining it. Neither has the right to remove such a fence, or fail to keep his part of it, when there is agreement to that effect, in repair.

The cases of *Clowers* v. *Sawyers,* 1 Head, 157, and *Stallcup* v. *Bradly,* 3 Cold., 407, were decided before the statute of 1875 was enacted. Acts 1897, p. 243, c. 95, applies only to cases where the fence used as a partition fence, or a part of it, is entirely upon the lands of one of the adjoining proprietors, and such proprietor is the owner of the fence. In such a case under that act the owner of the fence may remove it by consent of the other proprietor, or after six months' notice in writing

of his intention to do so. It has no application to a partition fence constructed upon the boundary line and kept in repair at the joint expense of the proprietors under the provision of the Code and the act of 1875. Such a fence is the joint property of both proprietors, and neither has the right to remove it or any part of it.

It was therefore the duty of the plaintiff to have kept his part of the partition fence between his lands and those of the defendant in repair, and, the damages to his crop having resulted from a failure to discharge this duty, he is without remedy.

The plaintiff, however, insists that the defendant is liable for trespass committed by the hogs under chapter 151, page 315, of the Acts of 1903, which it is admitted applies to Hamblen county, making it unlawful to allow live stock to run at large and the owner liable for all damages done by such stock while at large. We do not think so. This statute does not repeal those in relation to partition fences. There is no express repeal. It is not done by necessary implication because there is no inconsistency, and the two statutes can well stand together. *Fisher* v. *Baldridge,* 91 Tenn., 418, 19 S. W., 227; *McCampbell* v. *State,* 116 Tenn., 107, 93 S. W., 100. The latter act creates a greater necessity for partition fences than existed before it was passed. It requires the owner of live stock to keep it confined, and partition fences are necessary in many cases for this purpose. Cases may occur where one of the adjoining

proprietors may not wish to confine stock upon his premises, but under our system of argriculture they are rare. Again, the defendant's hogs were not running at large, but in his field, and escaped upon the premises of the plaintiff by the failure of the latter to keep up his part of the joint fence. He cannot complain of an injury that was the direct result of his own wrong.

There is no error in the judgment of the circuit court, and it is affirmed, with cost.