BARNETT BROS. *v.* WESTERN ASSURANCE CO.

Opinion delivered December 11, 1916.

1. APPEAL AND ERROR—FAILURE TO ABSTRACT INSTRUCTIONS.—A failure to abstract an instruction on appeal, will be taken as a waiver of any objection thereto.

2. APPEAL AND ERROR—OBJECTION TO ADMISSION OF TESTIMONY.—An objection to the admission of testimony can not be made for the first time on appeal.

3. APPEAL AND ERROR—LEGAL SUFFICIENCY OF THE EVIDENCE.—Where the appellant contends on appeal that the evidence is not legally sufficient to sustain the verdict of the jury, he must file an abstract of all the testimony in the case.

4. APPEAL AND ERROR—MOTION FOR NEW TRIAL.—Where the giving of erroneous instructions is not set out in the motion for a new trial, objections thereto will be deemed to have been waived.

5. APPEAL AND ERROR—IMPEACHMENT OF VERDICT—AFFIDAVIT OF JUROR.—The affidavit of a juror or evidence of statements made after the trial by a juror are not competent to impeach a verdict in which he has joined.

Appeal from Hot Spring Circuit Court; *W. H. Evans*, Judge; affirmed.

*Oscar Barnett*, for appellant

Argues the merits of the controversy which are not gone into by the court.

*Mehaffy, Reid & Mehaffy*, for appellees.

1.    Rule 9 has not been complied with.    No abstract is filed.    75 Ark. 571; 101 *Id.* 117.    The instructions are not set out.    86 Ark. 104-9; 90 *Id.* 398, 406.    The presumption is that the court properly instructed the jury.    75 Ark. 347; 88 *Id.* 449; 78 *Id.* 374; 95 *Id.* 108; 100 *Id.* 328; 75 *Id.* 571; 55 *Id.* 547; 79 *Id.* 170; 95 *Id.* 108; 79 *Id.* 85; *Ib.* 427; 78 *Id.* 426; 76 *Id.* 138; 88 *Id.* 449; 89 *Id.* 439; 92 *Id.* 622.    See also 95 Ark. 108; 79 *Id.* 85, 427; 78 *Id.* 428.

2.    The motion for new trial does not show proper objections either to the evidence or court's charge.

HART, J.    Appellants sued appellees to recover on a fire insurance policy issued by the Western Assurance Company in their favor on a dwelling house

situated in the town of Malvern. Appellees denied liability and set up several grounds of defense. The case was tried before a jury which returned a verdict in favor of appellees. From the judgment rendered, appellants prosecute this appeal.

(1) Counsel for appellants insist that the judgment should be reversed because the court erred in refusing a certain instruction requested by them. We need not set out this instruction for we cannot consider this alleged error. Appellants have failed to abstract the other instructions given by the court. It is true they insist that no other instruction presenting the theory contained in this instruction was given, but this was a question for the court, and under the uniform and repeated rulings of this court we must have an abstract of the instructions given in order to see whether there was error in refusing to give an instruction asked by an appellant. We must, therefore, take their action as a waiver of the objection to the instruction. *St. L., I. M. & S. Ry. Co.* v. *Boyles,* 78 Ark. 374; *DeQueen & Eastern Ry. Co.* v. *Thornton,* 98 Ark. 61; *Reeves* v. *Hot Springs,* 103 Ark. 430; *Keller* v. *Sawyer,* 104 Ark. 375.

(2-3) It was also contended that the court erred in overruling appellants' motion to exclude the testimony of the witness, A. H. Kelley. The record does not show that appellants asked the court to exclude the testimony of this witness and under the settled rules of the court we cannot consider this assignment of error. It is also insisted that the evidence does not warrant the verdict. In cases where it is insisted that the evidence is not legally sufficient to sustain the verdict, there must be an abstract of all testimony in the case. In this instance appellants have only given excerpts from the testimony of some of the witnesses and have not made an abstract of the testimony as required by rules of the court. We must, therefore, indulge the presumption that there was sufficient evidence to warrant the trial court in submitting the case to the jury. *Queen of Arkansas Ins. Co.* v. *Royal,* 102 Ark. 95.

(4)   It is also insisted that the court erred in the instruction given on behalf of appellees.   Appellants did not make these alleged errors grounds of their motion for a new trial and not having done so they will be deemed to have waived them.   *The Railways Ice Co.* v. *Howell*, 117 Ark. 198; *St. L., I. M. & S. Ry. Co.* v. *Jacks*, 105 Ark. 347.

The bill of exceptions contains the recital that it is admitted by the court that the members of the trial jury came to the presiding judge after the trial was over and told him that they had rendered their verdict without regard to the law or the evidence and had done appellants an injustice in rendering a verdict against them.

(5)   Counsel for appellants set this up as one of their grounds for a new trial.   It is well settled in this State that the affidavit of a juror or evidence of statements made after the trial by a juror is not competent to impeach a verdict in which he has joined.   *Griffith* v. *Mosley*, 70 Ark. 244, and cases cited; *Fain* v. *Goodwin*, 35 Ark. 109; *Pleasants* v. *Heard*, 15 Ark. 403.   The reason given is that if it were permissible to impeach a verdict by the affidavits of jurors or third parties as to statements alleged to have been made after the trial by one of the jurors, then the solemn act of the jury would be defeated.   Again the admission of such evidence would open the door to tampering with jurymen after their discharge and would also furnish to dissatisfied and corrupt jurors the means of destroying the verdict to which they assented.   The same reasons of public policy which would render it improper to permit a juror to impeach his own verdict, for the misconduct of himself, or his fellows, by affidavit, would apply to admissions made by him to the trial judge after rendering the verdict and after having been discharged from the case.   Many other authorities sustaining the rule will be found in a case note to the A. & E. Ann. Cases 1913 D, at page 1194.

The judgment will be affirmed.