## No. 10,329.

### SCHAEFER, ET AL. *v.* MILLS.

Decided July 3, 1922.   Rehearing denied October 2, 1922.

Action in damages for trespass by livestock.   Judgment for plaintiff.

### *Reversed.*

1. DAMAGES—*Trespass by Livestock—Lawful Fence.* The maintaining of a lawful fence in compliance with section 3, chapter 92, S. L. 1917, is a condition precedent to a right of action for damages by the trespass of livestock.

*Error to the District Court of Arapahoe County, Hon. Samuel W. Johnson, Judge.*

Mr. HARRY S. CLASS, for plaintiffs in error.

Mr. CARL H. COCHRANE, for defendant in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error was plaintiff in an action against plaintiffs in error for damages resulting from a trespass of the latter's livestock upon the land of the plaintiff. Plaintiff had judgment, and the defendants bring error.

It appears that the cattle of the defendants broke through a lawful fence on the south side of plaintiff's field, which fence had been constructed by one of the defendants. The plaintiff's fences, on the other sides of the field, were not constructed as required by the statute. Defendants contended that plaintiff had no right of action because he had not protected his crop by a lawful fence. The trial court rejected that contention and gave the following instruction.

"You are instructed that in determining whether plaintiff's crops were protected by a lawful fence, you are to consider only such fence as the evidence may show the defendant's cattle broke through and you will disregard evidence relating to the condition of other fences."

The giving of this instruction is assigned as error.

Section 3 of chapter 92 of the Laws of 1917, amending the fence laws theretofore existing, is as follows:

"Any person making and maintaining in good repair any fence such as described in Section 1 of this Act, may recover for trespass from the owner or owners of any animal or animals which break through any such fence in full for all damages sustained on account of such trespass; * * * and no person or persons shall be allowed to recover damages for any injury to any crops or grass or garden products or other vegetable products unless the same at the time of such trespass or injury was protected by a legal and sufficient fence as described in Section 1 of this Act."

The policy of the law is to favor stockowners, and permit them to range their stock at large. The duty of protecting crops is placed upon the farmer. The evident purpose of the act is to require crops to be protected by a fence, which will ordinarily turn stock, and so prevent stockowners from being harried by suits because of the trespass of their stock in cases where the crops are insufficiently protected. The statute clearly makes the making and maintaining of a lawful fence a condition precedent to a right of action for damages by the trespass of livestock. It follows that the plaintiff in this case not having protected his property by lawful fences, had no right of action. The fact that the stock broke through a lawful fence does not abrogate the statutory requirement.

The instruction above mentioned was wrong, for which reason the judgment is reversed and the cause remanded with directions to dismiss the action.

MR. JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.