## PRIMROSE v. BROWN.

## Opinion delivered April 11, 1927.

1. FENCES—FAILURE TO MAINTAIN DIVISION FENCE.—On failure of an adjoining landowner to maintain his half of a division fence, as required by Crawford & Moses' Digest, §§ 2535-6, 4654, he became liable to the adjoining proprietor for damages sustained by the latter to his stock by reason thereof.

2. JUSTICES OF THE PEACE—JURISDICTION.—A suit between adjoining landowners for $90 damages to stock occasioned by defendant's failure to maintain his half of a division fence is not a suit involving damages to real property, but to recover a damage to personal property, and is within the jurisdiction of a justice of the peace.

Appeal from Benton Circuit Court; *W. A. Dickson,* Judge; reversed.

Appellant *pro se.*

McHANEY, J. Appellant, Con Primrose, brought this action in the justice of the peace court of Benton County, alleging that he is in possession of an eighty-acre tract of land adjoining a tract of eighty acres owned by appellee in Benton County, between which property there is a division fence; that the cost of maintaining said division fence should be equally borne by appellant and appellee; appellant kept up his half of the fence, and that appellee has failed, neglected and refused to keep up the other half of said fence, and that his stock turned in on his premises would get through the unrepaired portion of the devision fence and be damaged thereby, and that he had been damaged by reason of her negligence in the sum of $90 "in caring for and looking up his stock, and in the actual damage done to the stock as aforesaid."

On the trial of this case in the justice of the peace court he recovered $20, from which an appeal was taken by appellee to the circuit court, where she filed a motion to dismiss for want of jurisdiction in the justice of the peace court, and the court sustained said motion, dismissed his cause, and he has appealed to this court.

There is an obligation in law resting on joint owners or users of a division fence to equally maintain same. Section 4654 of Crawford & Moses' Digest reads as follows:

"When any person shall inclose land adjoining another's land already inclosed with a fence, so that any part of the fence first made becomes the partition fence between them, in such case the charge of said division fence, as far as it is inclosed on both sides, should be equally borne and maintained by both parties." See also §§ 2535 and 2536 of C. & M. Digest.

By failure of appellee to maintain her half of the division fence she would be liable to appellant for whatever damage he sustained to his stock by reason thereof. This suit does not involve damages to real estate, which would not be within the jurisdiction of a justice of the peace, but is to recover a damage done to personal property.

The judgment of the circuit court in dismissing appellant's complaint was wrong, and it is therefore reversed, and the cause remanded for a new trial.