## R. T. PORTER v. AARON POOLE.

Middle Section. November 3, 1928.

Petition for Certiorari denied by Supreme Court, January 11, 1929.

True and Dorsey, of Springfield, for plaintiff in error.
Charles Willett, of Springfield, for defendant in error.

DeWITT, J. The parties to this action, Poole and Porter, own adjoining farms. The land of Porter was purchased by him in 1926 from the mother of Poole. There was formerly on old fence which was a line fence between the two farms. Some years ago, while

Mrs. Poole was the owner of the land now owned by Porter, a survey was made by Covington, surveyor, to ascertain the true boundary line. He designated it as the line of this old fence. The defendant in error Poole erected a wire fence along this line but his mother objected to it on the ground that it was not the true line and was on her land. Her son insisted that it was the true line. Subsequently, McDaniel, another surveyor, twice surveyed the line and designated the correct boundary line as from six to eight feet from this fence line toward her son's land, to that if this were true the fence would be partly on her land. In fact, the fence intersected the alleged true line at about its center and part of it was on one tract and part on the other tract. When Porter purchased his land from Mrs. Poole he knew that there was a dispute as to the true boundary line.

Porter removed a portion of this fence, whereupon this action was brought against him by Poole for conversion of it; and the Circuit Judge sitting without a jury rendered judgment against Porter in favor of Poole for the value of the fence so removed.

Poole testified that this fence was a partition fence, that he erected half of the fence and his mother erected the other half; that she used her land to the fence on her side and he used it to the fence on his side; but he admitted on cross-examination that when he erected the fence she objected to the location of it. He testified also that his deed calls for this fence as the boundary line between his land and that of Porter. The deed is in the record but it is impossible to determine from the description therein the precise location of the true line.

It is fairly to be inferred from this evidence (to which alone the appellate court may look) that the fence was a partition fence. It is true that the undisputed evidence shows that there was a gap between this fence and that of Mrs. Poole and her vendee Porter; but the undisputed evidence also shows that there is nothing unusual about gaps being left in line fences on farms. Treating this as a partition fence it follows under the provisions of chapter 95, section 1 of the Acts of 1897, Shannon's Code, section 3005a1, that Porter did not have the right to remove any part of this fence and convert it to his own use. Under that statute no partition fence or any part of such fence, by which the lands of different owners are enclosed, shall be removed without the mutual consent of said owners, unless the party desiring to remove said fence or part thereof, shall first give six months notice in writing to the owner of his intention, to remove said fence. Only after the expiration of the time of said notice may he remove the same. In Brown v. Sams, 119 Tenn., 677, 109 S. W., 513, it was held that this statute applies only to cases where the fence used as a partition fence, or a

part of it, is entirely upon the lands of one of the adjoining proprietors and such proprietor is the owner of the fence. It has no application to a partition fence constructed upon the boundary line and kept in repair at the joint expense of the proprietors under the provisions of sections 2999 and 3000 of Shannon's Code. Such a fence is the joint property of both proprietors and neither has the right to remove it or any part of it. The fence in question in this action was not erected, nor kept in repair by both the proprietors. In Clowers v. Sawyers, 1 Head, 156 it appeared that the lands of the parties adjoined and there was much proof as to where the true dividing line between them was, and on which side of the line the fence was, or whether it was a common fence between them, on a common dividing line. The Supreme Court approved an instruction by the judge of the circuit court that the main question was where the line between the parties ran and upon whose side of it was the alleged trespass committed. The court said:

"If the fence was on the defendant's side of the line he had a right to remove it and do what he pleased with it; but if upon the plaintiff's side he had not the right to interfere with it."

In Brown v. Sams, it was pointed out that this case and Stallcup v. Bradly, 3 Cold., 307, were decided before chapter 64, compiled as sections 3000 and 3001 of Shannon's Code, was enacted. In Stallcup v. Bradly it was held that if one of the joint owners removed a partition fence without notice to the other, he becomes a trespasser and is liable to the injured party for the natural and proximate consequences of the trespass.

The case before us involves a fence erected by only one of the proprietors, alleged to be partly upon the land of the adjoining proprietor. Nevertheless, it was erected to be a partition fence upon the line claimed to be the true line but which was in dispute. In Jones v. Motley (Ky.), 13 S. W., 432, the rule was declared that the fact that the boundary is in dispute does not justify one owner in removing the division fence. In that case the plaintiff had removed his fense from his land and placed it on the land of defendant, then removed the fence and placed it on his own land. The court held that the action involved a question of title that should have been determined by some other arbitrator than the defendant himself, and that he had no right to assert his ownership by tearing down the plaintiff's fence. We are of the opinion that the rule thus applied is a sound rule. Viewing this fence as entirely upon the land of Porter and Porter as the owner thereof, the case is brought directly into the category contemplated in chapter 95, section 1 of the Acts of 1897, supra.

We therefore must conclude that the plaintiff in error did not have the right to remove any part of this fence without the consent of defendant in error, or in the absence of the notice provided by said statute. The judgment of the circuit court is affirmed. A judgment will be entered in this court in favor of the defendant in error against the plaintiff in error for the amount awarded by the Circuit Judge, with interest from the date of his judgment. The costs of the appeal will be adjudged against the plaintiff in error and the sureties on his appeal bond.

Faw, P. J., and Crownover, J., concur.