WILKERSON *v.* WHITE.

Opinion delivered December 22, 1930.

N. A. McDaniel, for appellant.

W. A. Utley, for appellee.

Butler, J.  W. W. White and J. I. Wilkerson are farmers, each owning forty acres of land adjoining and separated by a partnership fence.  Wilkerson had a small corn field in a corner next to the division fence into which hogs entered and destroyed a quantity of corn.  He brought suit against White alleging that the hogs causing the damage to his corn belonged to White and that they had gained entrance through the cross-fence which White had negligently failed to maintain so as to prevent hogs from breaking through.

It appears from the evidence that on or about the tenth of October, White and Wilkerson had a settlement for damage to Wilkerson's corn prior to that date.  It seems that Wilkerson had killed one of White's hogs in his field, and he settled with White for this by paying the difference between the value of the hog killed and the value of the crop destroyed.  Because of this settlement the court limited the jury to a consideration of the alleged damage accruing after that date.

The evidence was in dispute regarding the condition of the fence around Wilkerson's forty and particularly as to the condition of the partition fence and as to the ownership of the hogs which destroyed the corn.  There was testimony to the effect that the condition of the fence was such as to permit hogs to break through from the outside, and there is some testimony that a very notorious· hog in that community was one of the principal offenders. This old sow was not the property of White, but belonged to Grandma White who lived on a different tract of land. There is nothing to show that this sow was not ordinarily a very quiet and well-conditioned old animal, but she had

one bad habit and bore a very bad reputation in that community for breaking into farms, and it was said that she could go through almost any fence and did, in fact, depredate on Wilkerson's property. The evidence is in conflict as to what was done to repair the partition fence, White testifying that he had fixed the fence sufficiently, while other witnesses testified that White admitted having overlooked one hole through which hogs might go and having failed to stop the same.

The character of the corn crop and its value was also a matter of dispute. Some testified that it was a good crop—would make from fifteen to twenty bushels per acre, and that about three acres were destroyed—and others testified that it was planted in raw new ground where green trees were still standing and had but little value.

In submitting the case, the court, at the request of the plaintiff, instructed the jury that if they should find from a preponderance of the evidence that the defendant negligently and carelessly left an opening in his fence, and that hogs of the defendant entered through the same and destroyed the crop of the plaintiff, it would be their duty to find for the plaintiff for the amount which the evidence showed he was damaged. The jury returned a verdict for the defendant, and Wilkerson appeals here and urges as error the action of the court in admitting certain testimony and misconduct on the part of the jury.

The abstract of the record furnished us by the appellant fails to show where any objection was made to the introduction of evidence or any exceptions saved to the ruling of the court. Therefore, we cannot consider any here.

One of the grounds for reversal set up in the motion for a new trial and here argued was that the jury wholly disregarded the law given by the court, and that several members of the jury, while considering the case, stated that they had been justices of the peace and knew the law, and that, as the plaintiff did not have a lawful fence, he was not entitled to recover, and offered the affidavit of

one Garner, who was in attendance upon the court and a member of the regular panel of petit jurors, to establish the above allegation. It is well settled that the verdict of the jury cannot be impeached by evidence of statements made by the jury, or any one of them, after the trial. *Griffith* v. *Moseley,* 70 Ark. 244, 67 S. W. 309; *Barnett* v. *Western Assurance Co.,* 126 Ark. 562, 191 S. W. 226; *Arnold* v. *State,* 150 Ark. 27, 233 S. W. 818. The reasons for this rule are stated in the cases cited and are so manifest that a re-statement is unnecessary. In our opinion the instructions of the court were more favorable to the appellant than he was entitled to. It was no more White's duty to maintain the partition fence so as to prevent animals from passing through than it was the duty of Wilkerson. In the absence of any agreement, the obligation to maintain the fence was mutual and equally operative upon both (§ 4654, C. & M. Digest), and Wilkerson, finding that hogs were getting into his field, should have looked for the holes and stopped them himself.

The judgment of the trial court is correct, and it is therefore affirmed.