No. 14,442.

READ *v.* MICEK ET AL.
(94 P. [2d] 452)

Decided September 18, 1939.

Mr. GEORGE H. BLICKHAHN for plaintiff in error.

Mr. ROMILLY FOOTE, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter referred to as there.

Plaintiffs brought this action in justice court for damages alleged to have been sustained by trespass of defendant's cattle. They had judgment for $150 and defendant appealed. They were again successful in the county court, where judgment was for $100, to review which defendant prosecutes this writ and assigns six errors: 1. The judgment is contrary to the law; 2. the judgment is unsupported by the evidence; 3. the court erred in holding that defendant should have maintained the fence in question; 4. the court erred in overruling defendant's motion for nonsuit; 5. the court erred in excluding the testimony of two witnesses; 6. the court erred in overruling defendant's motion for dismissal.

1. This assignment, if good, is covered by others.

2. This assignment must be disregarded because no evidence is abstracted.

3. It appears that a jury was waived, but the county court's findings are before us. Therefrom we learn that the parties occupied and operated adjoining premises; that they had an agreement under which it was the duty of each to maintain an allotted portion of the fence between them; that defendant overstocked his premises; that he failed to maintain his portion of the fence; that his cattle entered through that portion and did the damage complained of. We must presume these findings were supported by the evidence. If so the judgment is clearly supported by the law. 1 R. C. L., p. 1100, §43; 3 C.J., p. 131, §401; id., p. 132, §402.

4. This motion is not abstracted. Rule 36 of this court.

5. This assignment states that the court rejected the offered testimony of two witnesses to the effect that plaintiffs did not maintain a lawful fence. We know nothing further of the matter. No evidence, offer, or ruling thereon, appear in the abstract. Rule 36, supra.

Moreover, plaintiffs' cause rests upon a contract which the court found supported by the evidence. Hence there is here no question of free range or lawful fence.

6. This motion is not abstracted.

Counsel for defendant relies upon the following: *Richards v. Sanderson,* 39 Colo. 270, 89 Pac. 769; *Williamson v. Fleming,* 65 Colo. 528, 178 Pac. 11; *Schaefer v. Mills,* 72 Colo. 82, 209 Pac. 643. We have no fault to find with these, but a casual reading thereof discloses that they are not in point. No agreement to maintain a fence was involved in any one of them.

This abstract consists only of a brief statement that the cause was filed in one justice court, transferred to another, judgment there entered and appeal taken to the county court. This is followed by the county court's judgment from which we obtain all the information we have. This defective condition was called to the attention of court and counsel, with authorities, in the answering brief. It is ignored in the reply and has not otherwise been mentioned.

No error appearing the judgment is affirmed.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE BAKKE concur.