Burns *v.* Vaughan.

4-9005                            224 S. W. 2d 365

Opinion delivered November 21, 1949.

*Sloan & Sloan,* for appellant.

*Barrett, Wheatley & Smith,* for appellee.

George Rose Smith, J. The basic facts in this case are quite similar to those in *Chapman Chemical Co.* v. *Taylor,* 215 Ark. 630, 222 S. W. 2d 820, decided June 27, 1949. On the morning of July 10, 1947, appellant Burns caused his rice crop to be sprayed by airplane with 2,4-D chemical dust. This dust is harmless to narrow leaved plants but deadly to those having broad leaves. It has unusual carrying powers, as it vaporizes in the air and may travel for miles. Here the dust drifted to the appellees' farms, a mile or more away, and damaged their growing cotton. They recovered judgments below in amounts not questioned here. The manufacturer of the

chemical was also a defendant, but it made default and did not appeal from the judgments against it.

Appellant's principal contention is that he should have received a directed verdict. It was settled by the *Taylor* case, *supra,* that one who uses a dust of this kind is not liable to his neighbors in every case; negligence must be shown. There the Elms Company, which used the dust, was not shown to have had notice of its remarkable drifting power. The company's manager had consulted one versed in such matters and had been told that the chemical was all right. That case went to the jury, and we upheld a verdict for the Elms Company.

Here the evidence as to notice is materially different. Another rice farmer, living a few miles from appellant, had released 2,4-D by airplane about two weeks before appellant used the dust. Damage to other crops had occurred. The earlier incident seems to have been a matter of general knowledge in the vicinity, and appellant admits that he knew of it. The county agricultural extension agent had a considerable fund of information on the subject, which appellant could have obtained for the asking. See 7 USCA § 342. Too, the appellant testified that he knew that the dust was dangerous and instructed his pilot not to release it if there was any wind. During the dusting operations a breeze arose, but the pilot continued to release the dust until appellant succeeded in stopping him. We think this evidence was sufficient to make the issue of negligence a matter for the jury.

The other contentions require only a few words. There was a dispute as to whether the breeze that arose was blowing toward or away from the appellees' lands. Appellant offered a Weather Bureau certificate showing the direction of the wind that day in Batesville, Little Rock and Memphis. The relevancy of this information is certainly open to question; but we need not decide this issue, for the appellant did not except to the court's refusal to admit the certificate. It happened that the certificate reached the jury room by mistake, a circumstance relied on by appellant for reversal. We

hardly see how he can complain of the jury's having seen evidence that he wanted them to see. In any event, however, the only proof that the jury saw the certificate is in the form of affidavits by several jurors. Of course this is not a permissible method of impeaching the verdict. *Griffith* v. *Moseley,* 70 Ark. 244, 67 S. W. 309.

Margaret Walker, an appellee, had employed Arthur White to make a crop on her land, under an agreement that he should receive half the proceeds after all expenses were paid. It is argued that Mrs. Walker should have been permitted to recover only half the damage to her crop. We have frequently held, however, that under such an arrangement title remains in the landowner until the division is made. The landowner is the proper plaintiff in an action for conversion of the gathered crop, *Hammock* v. *Creekmore,* 48 Ark. 264, 3 S. W. 180, and the reasoning applies even more strongly when the injury is to a growing crop.

Affirmed.