KENNARD v. FUDGE.

4-9508                              240 S. W. 2d 664

Opinion delivered June 18, 1951.

*W. J. Arnold* and *R. W. Tucker,* for appellant.

*Chas. F. Cole,* for appellee.

ED. F. McFADDIN, Justice.   The parties own adjoining farms; and a jointly owned fence is the common boundary.   Piney Creek runs through the two farms; and in February, 1949, high water from the creek washed out a portion of the fence.   Some of Kennard's cattle thereby strayed to Fudge's land and destroyed his hay stacked in the field.   Fudge filed action against Kennard, seeking damages for the hay so destroyed.   From a jury verdict and judgment awarding damages, Kennard brings this appeal, claiming that the trial court erred in refusing to give a requested instructed verdict for the defendant.

Section 78-1210, Ark. Stats., is conceded to be the applicable Statute.   Two cases involving that Statute are: *Primrose* v. *Brown,* 173 Ark. 632, 292 S. W. 1003, and *Wilkerson* v. *White,* 182 Ark. 1014, 33 S. W. 2d 365.   In *Primrose* v. *Brown, supra,* we said the complaint alleged:

"  .   .   .   appellant kept up his half of the fence, and that appellee has failed, neglected and refused to keep up the other half of said fence, and that his stock turned in on his premises would get through the unrepaired portion of the division fence  .   .   . "

In *Wilkerson* v. *White, supra,* we said of the duties of the respective parties:

"It was no more White's duty to maintain the partition fence so as to prevent animals from passing through than it was the duty of Wilkerson.   In the absence of any agreement, the obligation to maintain the fence was mutual and equally operative upon both (§ 4654, C. & M. Digest), and Wilkerson, finding that hogs were getting into his field, should have looked for the holes and stopped them himself[1]."

From these cases it is clear that until the adjoining owners had agreed on specific portions of the fence which each was to maintain, the responsibility for the entire

---

[1] For general statements concerning adjoining property holders' rights and claims, see 25 C. J. 1036, 36 C. J. S. 669, and particularly, 3 C. J. S. 1296

fence was joint; and neither party could claim damages from the other by a mere showing that there had been a break in the fence. The parties had never agreed that each was to maintain a certain portion of the fence: so the responsibility of total maintenance rested equally on each party. When the creek washed out the fence, the task of rebuilding was thus a common responsibility. Neither party knew the fence was damaged until after the hay had been destroyed. It was as much the duty of Fudge to keep informed of the condition of the fence as it was the duty of Kennard. The latter was no more negligent than was the former. Under the holdings in our cases, previously cited, there could be no recovery by Fudge until he showed himself free of negligence and Kennard guilty of negligence—as for example, Kennard failing to repair after agreement with Fudge for joint repair.

Therefore, the trial court should have given an instructed verdict for the defendant; and for the error indicated, the judgment is reversed, and the cause—appearing to have been fully developed—is ordered dismissed.

Mr. Justice WARD disqualified and not participating.