JOHN SULLIVAN ET AL *v.* J. D. VOYLES

5-5438                                          462 S. W. 2d 454

Opinion delivered February 1, 1971

*Giles Dearing,* for appellants.

*James Luker,* for appellee.

CONLEY BYRD, Justice. Appellant John Sullivan is a neighbor and a rice farmer of appellee J. D. Voyles. Appellant Norman L. Burnett operates Burnett Flying Service. It is admitted that on May 20, 1968, Burnett applied some chemicals to Sullivan's rice crop. Appel-

lee Boyles brought suit for damages to his truck crops. The jury returned a verdict for $600 upon which judgment was entered. For reversal, appellants contend that there was no evidence of negligence; that appellee's crops were so young and immature that the only measure of damage should have been rental value of his land, of which there was no evidence; and that appellee's testimony was purely speculative, upon which a judgment should not be allowed to stand.

Mr. Voyles testified that he was in his field when the spraying started, that the wind was west northwest— i. e., blowing from the direction of Sullivan's farm where the spray was being applied—and that the spray came over on his farm. According to Voyles, at the time of the spraying he had a beautiful crop of tomatoes, squash and Irish potatoes. The tomatoes had little tomatoes beginning, the Irish potatoes would have been ready to dig by June 15th and he had already had one mess of squash from his squash plants. The green beans had produced one mess for his personal use by June 2, some 12 days after the spraying, but when the rain hit them, they began to show damage from the chemical and dried up the same week.

After objection by appellants, Voyles was qualified as to his farming experience and also his truck farming experience. Based upon his experience he testified that 1968 was a good year for truck crops and that the two acres of tomatoes, without the damage, would have produced 35 bushels every other day for a period of three weeks at a value of $4.00 per bushel; that he actually picked 101 bushels; and that after deducting the expense of harvesting and selling, his damages amounted to $1,050 to $1,250. Like testimony was given about the squash, potatoes and the green beans.

Voyles' testimony relative to the wind direction was substantial evidence of negligence in the application of the chemicals. See *Burns* v. *Vaughn,* 216 Ark. 128, 224 S. W. 2d 365 (1949).

Testimony similar to Voyles' testimony about the maturity value of his crops less the crops actually gathered and less the expense thereof was approved by this court in *Railway Company* v. *Lyman,* 57 Ark. 512, 22 S. W. 170 (1893).

Neither can we agree with appellants that the crops here, near the fruiting stage, were so young and immature that they had no value.

Affirmed.

HARRIS, C. J., dissents.