W.E. GALLION *v.* Mack TOOMBS

CA 79-199                                          597 S.W. 2d 842
Court of Appeals of Arkansas
Opinion delivered April 2, 1980
Review Denied April 30, 1980
Released for publication April 30, 1980

*Bradley & Coleman;* by: *Douglas Bradley,* for appellant.

*Branch & Thompson,* by: *Robert Branch,* for appellee.

STEELE HAYS, Judge. Appellant entered into a written contract with appellee to drill two irrigation water wells and install certain pumps and equipment for an agreed price of $12,500.00. Subsequent to the written contract some charges were orally agreed upon, and appellant claimed extra charges for a total amount of $15,911.10. Appellee paid appellant $9,166.66, but declined to pay any more.

Appellant brought this action to recover the alleged outstanding indebtedness. Appellee denied the indebtedness to appellant and filed a counterclaim, alleging breach of contract, breach of warranty and damages.

At trial, the issues were submitted to the jury, which rendered a verdict for appellee on his counterclaim in the sum of $9,000.00, and appellant brings this appeal.

Appellant alleges five points for reversal. He first alleges the trial court erred in admitting evidence to vary the terms of the written contract. He argues the written contract merged all prior negotiations, and evidence should not have been permitted to vary the terms of the written contract. The test of admissibility in such cases is whether the evidence offered tends to alter, vary or contradict the written contract, or whether it tends to prove a part of the contract about which

the written contract was silent. In the former instance, the testimony is inadmissible; in the latter, it is allowed. *Loe* v. *McHargue,* 239 Ark. 793, 394 S.W. 2d 475 (1965). It is evident the written contract did not contain the entire agreement, and the trial judge properly admitted parol testimony to prove parts of the agreement not reduced to writing, *Lane* v. *Pfeifer,* 264 Ark. 162, 568 S.W. 2d 475 (1965).

Appellant's second point for reversal is that the trial court erred in admitting speculative evidence of damages. Appellee was permitted to introduce evidence of estimated gross income from four acres of rice which appellee contends he planted, but which he failed to produce and harvest in 1975 because of lack of irrigation water the well was expected to produce, without proof of harvesting and marketing expense. Appellant objected on the ground crop loss was not the correct measure of damages on the land not cultivated. However, the appellee's evidence was that in 1975 four acres of rice had been planted, but failed to produce because the well did not supply 1250 gallons of water appellant warranted. Also, there was evidence from which a jury might find crop damage in 1975 was reasonably foreseeable. We find no error in allowing evidence as to the 1975 crop damage. However, it was error for the court to allow testimony by appellee of his gross income loss on production on the four acres and other acreage without evidence of what the cost would have been in the harvesting and marketing of the portion of the crop allegedly not produced because of the water shortage. Without this evidence we conclude the jury's verdict was based on speculative evidence. While the appellant's objections to the evidence could have been more to the point, we find the appellant sufficiently called the court's attention to the error in the evidence especially when counsel for appellant objected and stated, "I know I have got a continuing objection, but this is so highly speculative and doesn't meet the requirements for measure of damages". The error was compounded by the admission of appellee's exhibits reflecting his computations of alleged crop loss and reflecting a claimed "total loss" without showing harvesting and marketing expenses. *Dickerson Construction Co.* v. *Dozier,* 266 Ark. 345, 584 S.W. 2d 36 (1979); *Sullivan* v. *Voyles,* 249 Ark. 948, 462 S.W. 2d 454 (1971).

As the case must be reversed for the error above discussed, we do not reach the other alleged errors.

Reversed and remanded.

### Supplemental Opinion on Denial of Rehearing
### delivered April 30, 1980

PER CURIAM. In our original opinion handed down April 2, 1980, we directed this case be remanded. The circuit court judgment was in favor of the defendant-appellee on the claim and the counterclaim. Our reversal is only of the judgment on the counterclaim, thus only the counterclaim need be retried upon remand. The judgment on the claim of the plaintiff-appellant and in favor of the defendant-appellee is affirmed. Our original opinion is amended to recite that the case is affirmed in part and reversed in part and remanded.