**J.W. WILLS and J.V. Wills, d/b/a Wills Dairy Farms, Plaintiffs-Appellees,**

v.

**Billy Joe POTTER, Defendant-Appellant.**

Court of Appeals of Tennessee, Eastern Section.

Feb. 3, 1987.

Permission to Appeal Denied by Supreme Court May 11, 1987.

Grayson, Hawkins & Wright, Mountain City, for defendant-appellant.

Max E. Wilson, Wilson & Wilson, Mountain City, for plaintiffs-appellees.

## OPINION

FRANKS, Judge.

The parties to this action leased adjoining pasture lands during 1984 and 1985, and the trial judge, without the intervention of a jury, awarded judgment to the plaintiffs, stating: "[I]t was negligence on Mr. Potter not to remove the bulls which he knew or should have known were going to impregnate these young heifers." He likewise awarded a judgment to Potter against the Wills because in 1984 Potter's heifers were "exposed to the Holstein bull" owned by the Wills. After setting off the amount awarded to Potter, a judgment was entered for the Wills in the amount of $14,011.00. Both parties have appealed.

The basis for the damages claimed by both parties is that the respective parties' bulls had strayed on to the pasture land leased by the other and impregnated young heifers. The pastures were separated by a fence consisting of woven wire, strands of barbed wire and a thicket of rose bushes. The leases signed by the respective parties contained the provision: "[Lessee] shall maintain the fences to the degree that the cattle will be confined to their rented areas."

There is considerable testimony establishing that both parties' livestock roamed freely on each others' pasture land during 1984 and 1985. The partition fence was in poor condition, needing repair, and was inadequate to confine the cattle to their respective pastures. The duty created by the lease agreements to maintain a fence sufficient to restrain the animals was equally breached by both parties.

Clearly, the failure of the parties to adequately maintain the fence resulted in the livestock wandering from one pasture to the other. The Wills were on notice the fence was insufficient to confine the cattle to their pasture, as they experienced problems in 1984 with their bull straying on to defendant's pasture, yet they did nothing to alleviate the defective condition of the fence.

The Wills argue Potter misrepresented to them that the bulls that crossed into their pasture were steers. Potter disputes making such misrepresentation; moreover, "Skip" Wills, testified:

*A.* Well, there were no Brangus bulls in there. I know a Brangus bull, these were not Brangus.

*Q.* Okay, but if Mr. Potter had sixteen head of Brangus bulls in his pasture, you would certainly be able to tell that those were bulls, wouldn't you?

*A.* That's correct.

In *Brown v. Sams*, 119 Tenn. 677, 109 S.W. 513 (1907), where the plaintiff had agreed to keep in good repair a portion of a fence between adjoining lands and neglected to do so, the court said:

It was therefore the duty of the plaintiff to have kept his part of the partition fence between his lands and those of the defendant in repair, and, the damages to his crop having resulted from a failure to discharge this duty, he is without remedy. 119 Tenn., at 681, 109 S.W. 513.

Numerous cases from other jurisdictions are in accord. *Wenndt v. Latare*, 200 N.W.2d 862 (Iowa 1972); *Mallory v. Jurgena*, 250 Iowa 16, 92 N.W.2d 387 (1958); *McCoy v. Tillman*, 224 N.C. 201, 29 S.E.2d

683 (1944); *Read v. Micek,* 105 Colo. 35, 94 P.2d 452 (1939); *Wheeler v. Woods,* 205 Iowa 1240, 219 N.W. 407 (1928).

■ Where the obligation to maintain a fence is the mutual responsibility of each party, a party finding livestock upon his property is obligated to make the necessary repairs. *See Kennard v. Fudge,* 219 Ark. 157, 240 S.W.2d 664 (1951) and *Wilkerson v. White,* 182 Ark. 1014, 33 S.W.2d 365 (1930).

■ The parties, by neglecting their duties to maintain the fence, cannot recover for their losses. *See Ward v. Paducah & Memphis R. Co.,* 4 F. 862 (6th Cir.W.D. Tenn.1880).

The judgment of the trial court is reversed and the cause will be remanded to the trial court for the entry of a judgment dismissing the action as to both parties, with costs incurred assessed one-half to each party.

SANDERS and GODDARD, JJ., concur.