BRASWELL *v.* BRANDON.

4-7532                                    185 S. W. 2d 271

Opinion delivered February 12, 1945.

*DuVal L. Purkins* and *R. H. Peace,* for appellant.

*W. C. Medley,* for appellee.

HOLT, J.   On October 5, 1937, Samuel Braswell and wife (negroes) executed a warranty deed to a tract of land in Calhoun county, in favor of appellee, Henry Brandon, Jr.

On February 3, 1940, Braswell filed suit in which he sought to cancel his deed, *supra,* to Brandon on the ground that at the time of its execution he, Braswell, lacked mental capacity due largely to advanced age and physical infirmities.   He also pleaded inadequacy of consideration, and in addition to his prayer for cancellation,

sought damages for the value of certain timber removed from the land.

Appellees answered with a general denial.

Samuel Braswell died some time in January, 1941, and the cause was revived in the name of appellants, his surviving heirs.

Upon a trial, the court found the issues in favor of appellees, and specifically found "that Sam Braswell was sane at the time he executed the deed in question, and was fully capable of understanding the transaction in which he was engaged; that he fully understood the nature and effect of the deed that he executed," and that the deed "as stated, was supported by a good, valuable and adequate consideration." This appeal followed.

The primary question presented here is whether Braswell possessed the requisite mental capacity to execute the deed in question on October 5, 1937. The trial court found that Braswell was mentally competent to execute this deed, and while we try the cause *de novo* here, by the well-settled rule we must affirm the decree, based on that finding, unless we should find it to be against the preponderance of the testimony. *Jordan* v. *Bank of Morrilton,* 168 Ark. 117, 269 S. W. 53; *Leach* v. *Smith,* 130 Ark. 465, 197 S. W. 1160.

Before considering the evidence presented, there are certain well established rules to be borne in mind: "Since the sanity and mental capacity of a grantor to make a deed is presumed, the burden is upon those who allege that he did not have sufficient mental capacity to make the deed." *Atwood* v. *Ballard,* 172 Ark. 176, 287 S. W. 1001 (Headnote 2), and in the opinion, it is said: "If the maker of a deed, will, or other instrument has sufficient mental capacity to retain in his memory, without prompting, the extent and condition of his property, and to comprehend how he is disposing of it, and to whom, and upon what consideration, then he possesses sufficient mental capacity to execute such instrument. Sufficient mental ability to exercise a reasonable judgment con-

cerning these matters in protecting his own interest in dealing with another is all the law requires. If a person has such mental capacity, then, in the absence of fraud, duress, or undue influence, mental weakness, whether produced by old age or through physical infirmities, will not invalidate an instrument executed by him.''

The law as announced in the Atwood-Ballard case, *supra,* was recently reaffirmed in *Johnson* v. *Foster,* 201 Ark. 518, 146 S. W. 2d 681; *Pierce, Guardian,* v. *McDaniel,* 201 Ark. 1097, 148 S. W. 2d 154; and *McKindley* v. *Humphrey,* 204 Ark. 333, 161 S. W. 2d 962. See, also, *Pledger* v. *Birkhead,* 156 Ark. 443, 246 S. W. 510.

In the very recent case of *Stephens* v. *Keener,* 199 Ark. 1051, 137 S. W. 2d 253, we held (Headnote 1) : ''In a proceeding to cancel a solemn deed the *quantum* of proof required must rise above a preponderance of the testimony; it must be clear, cogent and convincing.''

While there is some conflict in the testimony presented by the parties, we think, after reviewing it carefully, appellants have failed to meet the burden of proof imposed upon them.

The evidence discloses that Samuel Braswell, at the time he executed the deed in question, was more than 80 years of age. He conveyed by the deed 120 acres of land in exchange for a 20-acre tract on which there was a dwelling. Braswell's 120-acre tract had become delinquent for the 1931 taxes, and it was later redeemed in June, 1932, by appellee, Brandon, for $29.71. Brandon paid the taxes on this tract for 1932, 1933, 1934, 1935, and 1936, so that at the time of the execution of the deed in question by Braswell he was indebted to Brandon for the taxes, *supra,* and interest, for approximately $350. This debt which Braswell owed Brandon was part of the consideration in the deed in question from Braswell to Brandon. Both tracts were of little value except for the timber. Braswell desired a smaller tract and the dwelling house thereon.

Without attempting to detail the evidence on appellants' claim of inadequacy of the consideration, which is

somewhat conflicting, we think it falls far short of being grossly so, or such as to shock the conscience of the court. In *Johnson* v. *Foster,* 201 Ark. 518, 146 S. W. 2d 681, we quoted with approval from Mr. Pomeroy in his work on Equity, as follows: ''The doctrine is now well settled that mere inadequacy—that is, inequality in value between the subject-matter and the price—is not sufficient to constitute constructive fraud. When the inadequacy of price is so gross that it shocks the conscience, and furnishes satisfactory and decisive evidence of fraud, it will be sufficient proof that the purchase is not *bona fide.* 2 Pomeroy Eq. Jur., §§ 926, 927.''

In considering Samuel Braswell's mental capacity, it is necessary, in addition to the rules of law, *supra,* to bear in mind that (as was said by this court in *Bilyeu* v. *Wood,* 169 Ark. 1181, 278 S. W. 48), ''To invalidate a deed on the ground of the grantor's mental incapacity, the proof must show that the grantor was incapacitated from intelligently comprehending and acting upon the affair out of which the transaction grew, and that he did not intelligently understand and comprehend the nature and consequences of his act. In other words, the mental capacity at the time of signing a deed sufficient to comprehend the nature of the transaction is the standard fixed by the law for determining the mental competency of the person signing the deed. *Kelly's Heirs* v. *McGuire,* 15 Ark. 555; *Pulaski County* v. *Hill,* 97 Ark. 450, 134 S. W. 973; *McEvoy* v. *Tucker,* 115 Ark. 430, 171 S. W. 888; and *Reeves* v. *Davidson,* 129 Ark. 88, 195 S. W. 19.''

Here, there were lay and interested witnesses who testified that they had observed Braswell's conduct and actions, and in effect, that he lacked sufficient mental capacity to execute the deed in question. Braswell's family physician also so testified. This testimony, however, was strongly contradicted by witnesses produced by appellees, most of whom had no interest in the matter. Braswell and his wife signed the deed by mark, and at the time Braswell signed there were present L. W. Trussell, an attorney and notary, who prepared the deed and took the acknowledgment, Henry Brandon, Jr., Hugh E.

Gresham, and Bob Gray. Trussell, Gresham and Gray signed the deed as witnesses. Mary Braswell, Samuel's wife, signed the deed about an hour after Sam had signed. Hugh Gresham testified that he had known Braswell for a number of years, and at the time Braswell signed the deed he had an opportunity to observe him for more than an hour while waiting for Sam's wife to come and sign the deed. He told of a conversation with Braswell and of observations of his conduct, and that he considered him mentally competent to execute the deed. The testimony of Gresham is fully corroborated by Bob Gray, Henry Brandon, Jr., and Mr. Trussell, the notary. All observed Braswell's mental condition at the time he signed the deed and thought him competent. Mr. Trussell, the notary, outlined facts upon which his opinion was based, and testified that he would not have taken the acknowledgment had he believed Braswell mentally incompetent.

As to the weight that should be given to the testimony of the notary who wrote the deed and took the acknowledgment, as here, this court in the *Atwood* v. *Ballard* case, *supra,* said: "The testimony of the notary public who wrote the deed and took the acknowledgment —and of several other witnesses who had business transactions with (grantor)—in which it became necessary for them to go over with him various matters of detail, is entitled to more weight than the testimony of witnesses who merely observed (grantor's) conduct and had casual and occasional conversations with him."

J. A. Easterling, 77 years of age, and a justice of the peace, had known Braswell for more than sixty years, and testified that he was capable of handling his own affairs.

B. M. Ritchie, sheriff of Calhoun county, and Henderson Newton, 86 years of age, also testified to the fact that Braswell was mentally competent to execute the deed in question.

We think it unnecessary to attempt to detail the testimony. It suffices to say that, as already noted, we

180

think the chancellor's finding is correct, and, accordingly, the decree is affirmed.