GERLACH *v.* COOPER.

4-9229                                    232 S. W. 2d 458

Opinion delivered June 19, 1950.

Rehearing denied October 2, 1950.

*Arthur Sneed,* for appellant.

*E. L. Hollaway,* for appellee.

LEFLAR, J.   This is a bill in equity to cancel a deed the execution of which was allegedly procured by fraud and overreaching.   The defendants by cross-complaint sought possession of the land conveyed by the deed, the plaintiff having continued to occupy it up to the time of trial.   The Chancellor rendered a decree for the defendants (a) declining to cancel the deed and (b) directing issuance of a writ of possession in defendants' favor. Plaintiff appeals.

The plaintiff, Miss Adelhied Gerlach, is an elderly spinster who received conveyance of the land in question from a nephew on June 12, 1940.   Her deed was duly recorded on that same day.   She has had her home on the premises thus conveyed to her most of the time since then.   On February 16, 1946, in the office of Bryan McCallen, an attorney at Corning, she executed a deed of the premises to defendants (appellees), this being the deed which she now attacks.   The deed recited a consideration of $1.00 only, but defendants testified that they had agreed to pay her, and did pay her, $550 in cash at her home later on the same day.   This she denies.   Defendants gave in evidence a receipt signed by Miss Gerlach acknowledging payment of $550 to her by defendant Gladys Cooper on February 16, 1946.   Plaintiff does not deny her signature on the receipt, but infers that defendants may have filled in the receipt after somehow inducing her to sign her name at the bottom of a blank piece of paper.   No affirmative evidence was given that this in fact did occur; she merely denied execution of the receipt without further explanation of it.

As to execution of the deed itself, plaintiff admitted her signature and acknowledgment, but testified that she thought she was signing something "for safekeeping" of her 1940 deed, and that she had no intention of selling her home. McCallen, the attorney and scrivener, testified that he no longer remembered the details of the transaction clearly (the trial was held more than three years after the deed was executed) but his "impression" was that he had read and explained the deed to her before she signed and acknowledged it before him. Both the defendants testified specifically that Miss Gerlach executed the deed with full knowledge of what she was doing.

The defendants testified that Miss Gerlach wanted the $550 payment kept secret because she hoped to get "on the welfare" and feared she would be rejected if the Welfare Board learned that she had this much cash on hand. There was other testimony, largely contradictory, about the rent which she was to pay to the defendants after the conveyance and about the collection of interest-bearing loans which she had made to third persons, but it shed little light on the principal problem of whether the deed was induced by fraud.

Taxes on the property were paid by the Coopers (defendants) after they received the deed. Miss Gerlach testified that she reimbursed them for the taxes paid. This they denied.

A neighbor testified that he tried to buy part of the land from Miss Gerlach in the latter part of February, 1946, and that she then told him she could not sell it because "Mr. Cooper had the deeds."

"The requisite of evidence to avoid a deed . . . must transcend a preponderance. It must be 'clear and convincing . . . ' " Alderson v. Steinberg, 199 Ark. 1165, 1167, 137 S. W. 2d 925, 927. The test in an effort to set aside a deed for fraud in its execution is whether there is "a preponderance of the evidence which is clear and convincing." Hiatt v. Hiatt, 212 Ark. 558, 569, 206 S. W. 2d 458, 463. The plaintiff (appellant) in seeking to set aside the deed in the present case had this burden of proof to sustain. The evidence which we have just

summarized was insufficient to sustain the burden of proof that the law imposed upon her. We agree with the Chancellor that the decision, on the evidence as presented, must be for the appellees.

Appellant also, apparently for the first time on appeal, raises the point that her deed to defendants does not carry the $1.10 in federal revenue stamps required by the statute. 26 U. S. Code, §§ 3480, 3482. She argues that the deed is therefore ineffectual. Assuming that the point was properly raised in the trial below, it nevertheless does not aid her. Referring to this statute, the United States Supreme Court has said: "As to the absence of revenue stamps . . . this neither invalidated the deeds nor made them inadmissible in evidence. The relevant provisions of that act, while otherwise following the language of earlier acts, do not contain the words of those acts which made such instrument invalid and inadmissible as evidence while not properly stamped. . . . From this and a comparison of the acts in other particulars it is apparent that Congress in the later act departed from its prior practice of making such instruments invalid or inadmissible as evidence while remaining unstamped and elected to rely upon other means of enforcing this stamp provision, such as the imposition of money penalties . . ." *Cole* v. *Ralph,* 252 U. S. 286, 293, 40 S. Ct. 321, 60 L. Ed. 567.

The decree of the Chancery Court is affirmed.