ABERDEEN OIL Co. *v.* GOUCHER.

5-2814                                              362 S. W. 2d 20

Opinion delivered November 26, 1962.

*M. A. Hathcoat,* for appellant.

*R. V. Laverty,* for appellee.

JIM JOHNSON, Associate Justice. This is an appeal from a decree quieting title. Appellees, Walter and Alice Goucher, filed suit against Aberdeen Oil Co., Inc., and Crescent Oil & Gas Corp., appellants, and others, seeking to quiet title to certain real property in themselves and to cancel certain mineral grants of record. Appellees' predecessor in title, J. W. Stills, purportedly executed, on February 12, 1930, a mineral deed conveying ⅞ths interest in all oil, gas and other minerals on Stills' property to E. C. Catlett, which deed was recorded on March 4, 1930. This instrument recited a consideration of $1.00, and was signed by mark, the mark being witnessed by the notary public who notarized the instrument. In August 1930 and in 1932, Catlett and his wife made several conveyances of parts of their undivided ⅞ths interest (appellant corporations being the ultimate purchasers through Catlett's remote grantees of almost one-half of the mineral and oil rights on the subject property). On May 4, 1946, Stills deeded the lands herein involved to appellees Goucher, which deed was recorded September 18, 1946. On March 15, 1962, appellees filed their amended complaint against appellants and others, alleging ownership of the land and seeking to cancel the mineral grant from Stills to Catlett and other instruments made pursuant thereto as clouds upon appellees' title, alleging that the mineral grant was fraudulently obtained, that there was no valid consideration given, and that appellees had been in adverse possession and paid all taxes on the lands for more than seven years. After trial of the case on March 28, 1962, the chancellor decreed the

mineral grant from Stills to Catlett and all subsequent conveyances thereunder cancelled as clouds on appellees' title, and quieted and confirmed title in fee simple in appellees. In its opinion, the trial court stated, *inter alia:*

"That the 'Oil, Gas and Mineral Grant' . . . was obtained and placed of record by payment of $1.00 consideration for a ⅞th interest in all oil, gas and other minerals under or pertaining to 130 acres of the above described lands. There is no contention or proof of consideration in addition to the $1.00 recited in the deed, and the presumption is that the recited consideration is the true one. The mineral grant and the record thereof reflects on its face that the signatures of the grantors were made by "mark" only indicating that because of either illiteracy or infirmity they were incapable of signing their names.

"Here we have an alleged conveyance of a fee interest in 130 acres of land for the token consideration of $1.00 only coupled with the signatures of the grantors by 'marks', and this combination of circumstances disclosed upon the face of the mineral grant instrument itself, and the record thereof, constitute a badge of fraud sufficient to place all of the defendants herein upon inquiry as to whether the purported mineral grant was a *bona fide* transaction."

From the decree comes this appeal. For reversal, appellants rely on two points: (1) That the findings and judgment of the trial court are contrary to law; and (2) that the findings and judgment of the trial court are against, and not supported by, a clear preponderance of the evidence.

The evidence in the record includes the mineral grant and conveyances subsequent to it, agreed statement of facts between the attorneys for the parties, and testimony taken in open court and by interrogatories.

The facts are undisputed that the mineral deed from Stills to Catlett was recorded in the proper county some 32 years ago; that appellants without notice of defect or adverse claims paid a valuable consideration to their pre-

decessors in title for their mineral interests; that all the parties to the deed from Stills to Catlett as well as the notary public who took the acknowledgment to the deed are dead.

We have recently considered the quantum of proof necessary to set aside a deed, in *Simmons* v. *Murphy,* 235 Ark. 519, 360 S. W. 2d 765, (opinion delivered October 8, 1962), in which we stated:

"This court has consistently held that in a proceeding to cancel a solemn deed, on the theory of nondelivery or otherwise, the quantum of proof required must rise above a preponderance of the testimony; it must be clear, cogent and convincing." *Stephens* v. *Keener,* 199 Ark. 1051, 137 S. W. 2d 253.

On trial *de novo* we have diligently searched the record for evidence of the quantum necessary to meet the test of the rule set out above. Not only have we failed to find such evidence but also we find virtually an absence of proof as to fraud, adverse possession of the mineral interest, *Schuman* v. *Certain Lands,* 223 Ark. 85, 264 S. W. 2d 413; *Jones* v. *Brown,* 211 Ark. 164, 199 S. W. 2d 973, and lack of consideration. This being true, the sole question remaining for our determination is whether a deed, reciting a consideration of $1.00 coupled with the signatures of the grantors by marks, disclosed on the face of the instrument, is void as a matter of law.

A mere inadequacy of consideration is not sufficient to set aside a deed without accompanying acts of fraud or deception. *Luther* v. *Bonner,* 203 Ark. 848, 159 S. W. 2d 454; *Penney* v. *Long,* 210 Ark. 702, 197 S. W. 2d 470. There is absolutely no proof of fraud shown by the evidence in this case. Fraud is never presumed, but must be affirmatively proved. *Green* v. *Bush,* 203 Ark. 883, 159 S. W. 2d 458, and burden is on the one pleading fraud to establish it. *Gerlach* v. *Cooper,* 217 Ark. 596, 232 S. W. 2d 458. Before inadequacy of price will be considered a sufficient ground for cancellation of a conveyance it must be so great that it shocks the conscience. *Cunningham* v. *Love,* 202 Ark. 375, 150 S. W. 2d 217; *Braswell* v. *Brandon,* 208

Ark. 174, 185 S. W. 2d 271; *Johnson* v. *Foster,* 201 Ark. 518, 146 S. W. 2d 681. There is no proof in this record as to value, if any, of the oil, gas and mineral rights conveyed. That there is an actual consideration which is legal and of some value is enough. *Luther* v. *Bonner, supra.*

One is bound by whatever he uses as a substitute for his name. *Walker* v. *Emrich,* 212 Ark. 598, 206 S. W. 2d 769. The signing of a deed by a properly witnessed mark does not affect its validity. This has been the law in Arkansas "since the memory of man runneth not to the contrary." This common law rule was adopted as a part of the Civil Code of 1868. See Ark. Stats. § 27-109. *Watson* v. *Billings,* 38 Ark. 278.

The law as to consideration and signature by mark being thus established, and in the absence of proof tending to question the verity of either, it follows that the coupling together in the same instrument of a recited consideration of $1.00 and execution of the instrument by mark does not ipso facto render the instrument void. To hold otherwise would place in question some of the best established titles to real property in this state. Accordingly, the decree is reversed and the cause is remanded with directions for the entry of orders consistent with this opinion.