

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CV–15–600

| | |
|---|---|
| | **Opinion Delivered** FEBRUARY 17, 2016 |
| SHRINERS HOSPITALS FOR CHILDREN<br>APPELLANT | APPEAL FROM THE FRANKLIN COUNTY CIRCUIT COURT<br>[NO. CV-2014-56 (IV)] |
| V. | HONORABLE DENNIS CHARLES SUTTERFIELD, JUDGE |
| FIRST UNITED METHODIST CHURCH OF OZARK<br>APPELLEE | REVERSED AND REMANDED; MOTION DENIED |

## DAVID M. GLOVER, Judge

Shriners Hospitals for Children (Shriners) sought a declaratory judgment against First United Methodist Church of Ozark (FUMC) regarding the transfer of property, a house, to the church without authority. Shriners' complaint asked that the deed conveying the residence to FUMC be declared invalid because the attorney-in-fact was not authorized to gift the residence to the church under the durable power of attorney granted to him. FUMC answered Shriners' complaint and then filed a motion for summary judgment, basically contending the language of the deed itself demonstrated that good and valuable consideration had been paid, thereby refuting Shriners' contention that the residence had been gifted; it further contended the parol-evidence rule prevented Shriners from presenting evidence the residence had been gifted to the church. On March 9, 2015, the trial court granted FUMC's motion for summary judgment, dismissing Shriners' complaint with prejudice. Shriners filed a motion for new trial pursuant to Rule 59(a) of the Arkansas Rules

of Civil Procedure; the motion was denied, and this appeal followed. Shriners raises three points in this appeal: 1) the gift-deed of the residence to FUMC is void; 2) the parol-evidence rule does not forbid evidence to show that a gift, rather than a sale, was made; and 3) a party may show that a supposed "sale" was really a gift. We reverse and remand.

In 2008, L.G. Foster executed his will, leaving certain specific bequests with the residue of his estate going to Shriners. His residence was not specifically bequeathed, so it would have been part of the residue of his estate under the original will. In 2012, he executed a codicil to his will that directed the executor of his will (Frederick Romo) to sell his residence and its contents at a public or private sale, with the net proceeds distributed to Shriners, if he still owned the residence at his death.

In March 2013, Foster signed a durable power of attorney that named Romo as his attorney-in-fact. Under it, Romo was authorized to sell Foster's property when he deemed appropriate, but no specific authority was granted to gift Foster's property.

Then, on April 11, 2013, Romo signed a warranty deed granting Foster's residence to FUMC. The deed provided that the property was granted "for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration."

L.G. Foster died on May 22, 2013, and probate proceedings were begun soon thereafter. Shriners was included in the proceedings as a devisee. The estate inventory did not list the residence because it had previously been transferred to FUMC. The order closing the estate was entered on June 10, 2014.

On July 3, 2014, Shriners filed its complaint for declaratory judgment, asserting the deed executed by Romo was, in fact, a gift, which Romo was not authorized to make (meaning that the residence should have been included in Foster's estate and passed to Shriners under the terms of the will and codicil). FUMC answered and also filed a motion for summary judgment. The trial court granted summary judgment to FUMC and dismissed the complaint with prejudice. FUMC raised five arguments in its motion for summary judgment, but the trial court addressed only two of the arguments, 1) finding merit in FUMC's argument that the deed itself established a sale, rather than a gift, with the parol-evidence rule prohibiting the introduction of any evidence disputing the deed's language; and 2) rejecting FUMC's res judicata argument based on the probate proceedings.

Shriners filed a motion for new trial pursuant to Rule 59(a), in which it contended that the trial court's order was contrary to law because the parol-evidence rule had no application to the proceeding and that the transaction was a gift in substance, with no evidence suggesting or supporting a contrary conclusion. The trial court denied the motion, and this appeal followed. We combine Shriners' points of appeal, and, because we consider it to be the controlling issue, we primarily address Shriners' contention that the trial court erred in concluding the parol-evidence rule prohibited Shriners from introducing evidence outside the deed itself that would show the conveyance constituted a gift rather than a sale. We find error in the trial court's application of the parol-evidence rule under the circumstances of this case.

The parol-evidence rule prohibits introduction of extrinsic evidence, parol or otherwise, which is offered to vary the terms of a written agreement. *First Nat'l Bank v.*

*Griffin*, 310 Ark. 164, 832 S.W.2d 816 (1992). It is a substantive rule of law rather than a rule of evidence. *Id.* Its premise: the written agreement itself is the best evidence of the intention of the parties. *Id.* A general proposition of the common law is that in the absence of fraud, accident, or mistake, a written contract merges, and thereby extinguishes, all prior and contemporaneous negotiations, understandings, and verbal agreements on the same subject. *Id.* Application of the parol-evidence rule is confined to the parties of the contract and does not preclude a stranger from introducing parol-evidence for the purpose of varying a written contract. *Sterling v. Landis*, 9 Ark. App. 290, 658 S.W.2d 429 (1983).

Here, Shriners was never a party to the deed. Though FUMC acknowledges the parol-evidence rule is confined in its application to the parties to the written contract or instrument, it relies on cases holding that the rule can also be applied to those persons claiming some right or interest under the written instrument. *See, e.g.*, *Rainey v. Travis*, 312 Ark. 460, 850 S.W.2d 839 (1993); *Barfield Mercantile Co. v. Connery*, 150 Ark. 428, 234 S.W. 481 (1921). We conclude these two cases are clearly distinguishable.

Shriners succinctly states its legal theory. It can be summarized as follows: 1) an attorney-in-fact's conveyance cannot exceed his or her authority Ark. Code Ann. § 28-68-201(a) (Repl. 2012); 2) if it does, the conveyance is void, *Duke v. Shinpaugh*, 375 Ark. 358, 290 S.W.3d 591 (2009); 3) a person acting under a power of attorney is not authorized to make a gift of the principal's property unless the power of attorney expressly grants that authority, Ark. Code Ann. § 28-68-201(a)(2); 4) the durable power of attorney at issue here granted authority to sell but did not expressly grant authority to make a gift; and 5) therefore, if the conveyance of the Foster residence to FUMC was in fact a gift rather than a sale, then

it exceeded Romo's authority and was void. Shriners contends that the conveyance was in fact a gift rather than a sale, which made it void, left the residence in the Foster estate, and it should have passed to Shriners under the terms of the will.

Accordingly, Shriners' objective in presenting parol evidence was primarily focused on demonstrating that the deed was void because the attorney-in-fact had exceeded his authority by gifting the property rather than selling it. As Shriners noted, it was not attempting to vary the terms of the written instrument but was attempting to establish that no enforceable contract ever existed because the attorney-in-fact was without authority to make a gift of the property. The rationale for application of the parol-evidence rule—as between the parties to a written agreement, or with respect to someone who is directly interested in the written agreement itself—makes perfect sense. Applying the rule under the circumstances presented here does not.

Finally, to the extent FUMC alternatively contends that we should affirm the trial court's decision because it reached the right result even though it erred in applying the parol-evidence rule, we are not convinced. The only other issue addressed by the trial court was its rejection of the res judicata argument, with which we agree. The remaining alternative bases argued by FUMC—waiver, accord and satisfaction, or bona fide purchaser for value—were not even addressed by the trial court.

Accordingly, we reverse and remand for further proceedings consistent with this opinion. In addition, on November 17, 2015, FUMC filed a motion in our court seeking $314.88 in costs and $1,237.50 in attorney's fees for alleged briefing deficiencies in Shriners' abstract and addendum. The motion is denied.

Reversed and remanded; motion denied.

VIRDEN and KINARD, JJ., agree.

*Smith, Cohen & Horan, PLC*, by: *Robert Y. Cohen II* and *Matthew T. Horan*, for appellant.

*Sayre & Brockett*, by: *Christopher D. Brockett*; and *Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor* and *Tasha C. Taylor*, for appellee.