DAVID M. GLOVER, Judge
The Franklin County Circuit Court granted First United Methodist Church of Ozark's ("FUMC's") motion for summary judgment, denied appellant Shriners Hospitals for Children's ("Shriners'") cross-motion for summary judgment, and dismissed Shriners' complaint with prejudice. Shriners now appeals, arguing the circuit court erred in granting summary judgment to FUMC because it was not a good-faith purchaser for value; there was no agreement to constitute accord and satisfaction; and Shriners did not waive its claim to the property in question. We affirm the circuit court's decision.
This is the second time this appeal is before us. The facts are set forth in detail in Shriners Hospitals for Children v. First United Methodist Church of Ozark , 2016 Ark. App. 103, 483 S.W.3d 825 ( Shriners I ), but a brief overview is necessary for a complete understanding of the case. L.G. Foster's 2008 will designated Shriners as the residuary beneficiary of his estate; in 2012, Foster executed a codicil to his will directing Frederick Romo, the named executor, to sell Foster's residence and contents at public or private sale and distribute the net proceeds to Shriners if Foster still owned the residence at the time of his death. In March 2013, Foster executed a durable power of attorney naming Romo as his attorney-in-fact. Among other things, the power of attorney authorized Romo to sell Foster's real property "at such times, in such places, and upon such terms and conditions as my said attorney-in-fact may deem appropriate." The power of attorney did not grant Romo the authority to make a gift of Foster's real property. Romo signed a warranty deed transferring Foster's residence to FUMC on April 11, 2013; the deed provided the property was sold "for and in consideration of the sum of Ten Dollars ($10) and other good and valuable consideration." Foster died on May 22, 2013; his estate, which did not include his residence, was opened soon after his death and was closed by order entered on June 10, 2014. Shriners filed a complaint for declaratory judgment in July 2014, after Foster's estate had been closed, arguing the residence should have been included in the estate and should have passed to Shriners under Foster's will. FUMC filed a motion for summary judgment, which the circuit court granted, dismissing Shriners' complaint with prejudice; Shriners appealed that decision. In Shriners I , our court held the circuit court erred in holding that the parol-evidence rule prohibited Shriners from introducing evidence outside the deed to show the conveyance of the real property was, in fact, a gift rather than a sale, and we reversed and remanded the case for further proceedings consistent with our opinion.
*718 On remand, FUMC and Shriners filed competing motions for summary judgment. FUMC contended there was no issue of material fact left to be litigated, and it was entitled to summary judgment because it had purchased Foster's residence, Shriners' claim was barred by the doctrine of accord and satisfaction, and Shriners' claim was also barred by the doctrine of waiver. FUMC attached Romo's affidavit to its motion, in which Romo stated the following: Foster had told Romo he wanted FUMC to receive his residence; Foster originally wanted to donate his residence as a parsonage, but FUMC determined it could not accept a restricted gift; Foster decided to sell the residence and donate the proceeds to FUMC, but he became physically ill and relocated to a nursing home before the house could be listed for sale; Foster retained attorney Jim Mainard to prepare a power of attorney naming Romo as Foster's attorney-in-fact, which was executed on March 7, 2013; during Romo's visits to Foster in the nursing home three to four times per week, they continued to discuss Foster's desire for FUMC to receive his residence at his death; Foster directed Romo to contact Mainard to finalize the transfer and donation of his residence to FUMC so that he did not need to execute a new will; Mainard advised Romo the power of attorney did not authorize him to make a charitable donation of the residence to FUMC, but he was allowed to sell the residence to FUMC under the power of attorney on such terms and conditions as Romo deemed appropriate; Romo then discussed with Foster selling the residence to FUMC for $10; Foster was fine with selling the residence to FUMC for $10 and directed Romo to have Mainard's office prepare a deed for Romo to sign selling the residence to FUMC for $10; Romo executed the deed and delivered it to FUMC; FUMC paid $10; a receipt was prepared showing the payment of $10; Romo filed the deed with the Franklin County Circuit Court Clerk's office and took copies to Mainard's office and to Foster to show him that his wishes had been completed; Foster died on May 22, 2013, knowing his residence was FUMC's property; and he had sold the residence to FUMC for $10 and did not make a gift of the residence. The affidavits of Jennifer King, the FUMC administrative assistant at the time, and Keith Dodson, the FUMC pastor at the time, corroborated Romo's affidavit.
Shriners denied FUMC's claim that it was entitled to summary judgment, asserting instead Shriners was entitled to summary judgment because the transfer of the residence was in fact a gift, as the $10 paid was nominal consideration and did not permit a finding of good-faith purchaser for value. Shriners attached the affidavit of Bradley Buethe, an attorney in Shriners' legal department, that asserted Foster's estate was aware Shriners was questioning the predeath transfer of the residence, as the power of attorney did not allow gifts to be made; that Shriners did not waive any right it had to contest the transfer of Foster's residence to FUMC; and that Shriners never agreed to accord and satisfaction by agreeing to accept money and property in exchange for a promise by Shriners not to litigate its entitlement to Foster's residence.
At the hearing, FUMC argued the power of attorney gave Romo the authority to sell the residence on whatever terms he wanted; he sold it for $10; the power of attorney did not require any threshold or that the sale be reasonable; and FUMC had the receipt and affidavit. Shriners agreed the issue was whether it was a sale or a gift and took the position that the transaction was a gift, which was not permitted by the power of attorney.
*719 The circuit court took the case under advisement. On July 21, 2017, the circuit court granted FUMC's motion for summary judgment, denied Shriners' motion for summary judgment, and dismissed Shriners' complaint with prejudice, finding FUMC was a bona fide purchaser for value; Romo had the legal authority to sell the real estate in question on any terms he deemed appropriate; the deed executed and the transaction in question was a valid sale and FUMC was the legal owner of the real property and residence; Shriners has no legal interest in the real property in question; and it was unnecessary to address FUMC's arguments that Shriners' claims were barred by the doctrines of accord and satisfaction and waiver. At the request of the parties, the circuit court entered an amended order on August 10, 2017, again granting FUMC's motion for summary judgment and adding a finding that FUMC's arguments that Shriners' claims were barred by the doctrines of waiver and accord and satisfaction were well taken for the reasons stated and advanced by FUMC.
Shriners filed its notice of appeal on August 14, 2017. On appeal, Shriners argues (1) FUMC was not a good faith purchaser for value because it paid only an admittedly nominal amount for valuable real property; (2) there was no agreement sufficient to constitute accord and satisfaction; and (3) there was no waiver because Shriners received no consideration. We affirm.
Standard of Review
In R & L Carriers Shared Services, LLC v. Markley , 2017 Ark. App. 240, at 4, 520 S.W.3d 268, 272 (citations omitted), our court set forth the standard of review for summary judgment:
Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A circuit court's conclusion on a question of law is reviewed de novo and is given no deference on appeal. And when the parties agree on the facts, the appellate court simply determines whether the appellee was entitled to judgment as a matter of law. When parties file cross-motions for summary judgment, as they did in this appeal, they essentially agree that there are no material facts remaining, and summary judgment is an appropriate means of resolving the case.
Sale Versus Gift
Shriners first argues that Foster had the intent to donate his residence to FUMC, not sell it, and that the $10 "sale" to FUMC was in essence a gift. Shriners argues that had Foster wanted to donate his residence to FUMC, he could have simply signed a deed or included the authority to make a gift in the power of attorney given to Romo. Shriners further argues that FUMC was not a good-faith purchaser for value.
While it is true that Foster could have accomplished the transfer of his residence to FUMC in other ways, we are asked to determine whether the manner in which it was transferred was appropriate. Shriners argues that $10 is not sufficient consideration to make FUMC a bona fide purchaser. We need not determine whether FUMC was a bona fide purchaser. "In the absence of accident, mistake, fraud and the like, no one can call into question a man's disposition of his property. Where a deed, on its face, is an absolute conveyance, has been executed and delivered as the voluntary act of the grantor, the question *720 of consideration, as between the parties and their privies, is immaterial." Paul Jones, Jr., The Arkansas Law of Title to Real Property § 137 (1935). Mere inadequacy of consideration is not sufficient to set aside a deed, without accompanying acts of fraud or deception. Aberdeen Oil Co. v. Goucher , 235 Ark. 787, 362 S.W.2d 20 (1962). Here, there were no acts of fraud or deception.
Romo, under the power of attorney, had the authority to sell the real property on any terms and conditions he deemed appropriate. The Oregon case of Wade v. Northup , 70 Or. 569, 140 P. 451 (1914), is instructive. The power of attorney in Wade did not include the ability to make a gift of the property, but the consideration provided was $10 in one instance and $1 in another instance. The Oregon Supreme Court held that the attorney-in-fact was within the letter of his authority to convey the lands upon such terms as he should think fit, and the attorney-in-fact was within the spirit of the power conferred upon him as well. We find the present case to be akin to Wade . Here, the power of attorney specifically authorized Romo to sell Foster's real property on such terms and conditions as Romo deemed appropriate. When donation was not possible, Foster decided his residence would be sold to FUMC for the sum of $10, which was, in fact, paid by FUMC. Not only was this sale within the letter of Romo's authority under the power of attorney to convey Foster's real property upon such terms as he deemed appropriate, it was also within the spirit of the power of attorney.
We hold the circuit court properly granted summary judgment to FUMC because Romo, under the power of attorney, had the authority to sell the real property to FUMC on the terms he deemed to be appropriate. Due to our holding on this point, it is unnecessary to address Shriners' arguments regarding accord and satisfaction and waiver.
Affirmed.
Klappenbach and Hixson, JJ., agree.