BARFIELD MERCANTILE COMPANY *v.* CONNERY.

Opinion delivered November 14, 1921.

1. VENDOR AND PURCHASER—RIGHT TO RECEIVE RENTS.—A deed conveying title to land in fee simple carries with it the right to collect the rents, and unless the deed reserves the right to the grantor to collect and use the rents, these pass as a necessary incident with the land to the grantee; and this is true where the grantee as lessee owed the rents.

2. EVIDENCE—PAROL EVIDENCE TO VARY DEED.—Where a deed is absolute on its face and contains no reservation of the rents, proof of an oral reservation is not admissible.

3. EVIDENCE—PAROL EVIDENCE RULE.—While the rule that parol evidence is inadmissible to contradict or vary the terms of a written instrument is confined in application to the parties to it or to those claiming some right or interest in it, the rule applies where an assignee of a lease assumes the lessee's liability for rent and subsequently takes a deed in fee simple from the lessor.

Appeal from Mississippi Circuit Court, Chickasawba District; *R. H. Dudley,* Judge; reversed.

*C. A. Cunningham* and *Little, Buck & Lasley,* for appellants.

The title passed when the deed was delivered. The presumption is that a deed is delivered the date of its execution. 61 Ark. 104. The deeds, being absolute on their face and containing no reservation, transferred the rent with the reversion, and such rights as appellee had before conveyance. 10 Ark. 9.

The fee simple title to land carries with it the right to its absolute dominion. 92 Ark. 315.

Where land is rented and the reversion is transferred by the lessor, the right to the rent thereafter to become due is no longer vested in him. Tiffany, Landlord & Tenant, par. 180.

The court erred in permitting the testimony of appellee over the objections of appellant, as to the reservation of the rent.    10 Ark. 9.

*Gravette & Rayner,* for appellee.

It matters not how the money came into the possession of the party who has it, if the plaintiff is entitled to it.    Elliott on Contracts, Sec. 1372; 56 Am. St. Rep. 587; 110 Pac. 46; 30 L. R. A. (N. S.) 807; 7 Colo. App. 528; 44 Pac. 380; 65 Ark. 222; 110 Ark. 578; 163 S. W. 795; 215 S. W. 694.

McCULLOCH, C. J.    Appellee was the plaintiff below in this action to recover rents on lands alleged to be due for the year 1918 under a written contract.    The case was tried before the court on an agreed statement of facts.    The farm which constituted the subject-matter of the lease contract was owned by appellee and others as tenants in common.    Appellee owned an undivided 1-6 thereof; D. H. Wilhite and W. O. Anthony owned an undivided 1/2 thereof, and two other persons, whose names are not disclosed in this record, owned the other 2/6 interest.    Appellant leased the land from the owners for a period of 5 years ending December 31, 1919, under written contract stipulating that the rents should be payable annually on November 15, and the amount sued for by appellee is the amount stipulated to be paid her in the contract for her interest.    This suit is, as before stated, one to recover the rent for the year 1918.    In the spring of that year, appellant made an absolute assignment of the lease to Wilhite and Anthony, they paying to appellant the sum of $500 as consideration for the assignment and as purchase price for a lot of corn, and they "succeeded to the rights and assumed the liabilities of the Barfield Mercantile Company under its lease contract covering said land." On October 12, 1918, appellee sold, and conveyed by warranty deed without reservation, her said interest in the tract of land to S. E. Simonson, and on November 12, 1918, Simonson conveyed that interest by warranty deed without reservation to Wilhite and Anthony. These

deeds were placed of record on December 8, 1918, and by the purchase Wilhite and Anthony became the owners of the whole of the land except an undivided 2/6 owned by persons not involved in this litigation.

Appellee was allowed to prove, over the objections of appellant, that in the sale by appellee of her interest in the land to Simonson there was an oral agreement that the rents for the year 1918. should be reserved to appellee.

The trial court made a finding of fact to the effect that the sum of $500 paid by Wilhite and Anthony to appellant for the lease included the rents due appellee for that year, and that in this manner "Wilhite and Anthony paid the defendant the sum of $146 for the use and benefit of plaintiff, independent of the purchase of the land." Counsel for appellee defend the judgment on this finding of fact, and contend that appellee is entitled to recover on the ground that the rent money was paid over to appellant for the benefit of appellee and accepted by appellant for her benefit. This finding by the court, however, is not only without evidence to support it, but it is contrary to the affirmative evidence on this subject. The only testimony on that subject is that of Anthony, incorporated in the agreed statement of facts, wherein he testified that Wilhite and Anthony "paid the Barfield Mercantile Company $500 for its contract on said land, and for some corn," and that "by said transaction the said Wilhite and Anthony succeeded to the rights and assumed the liabilities of the Barfield Mercantile Company under its lease contract covering said lands." Nor can we, for the purpose of sustaining a recovery in favor of appellee against the Barfield Mercantile Company, treat the alleged oral agreement between appellee and Simonson as an undertaking on the part of the latter to pay the rent for that year as a part of the consideration for the deed. It may be conceded that oral proof of such an agreement would not offend against any of the established rules of evidence, but that would not help appellee's case, inasmuch as

Simonson is not sued and appellant can not be held responsible for Simonson's undertaking to pay the rent as part of the consideration for the deed. Appellee's right to recover must be tested solely upon the question of her right to prove an oral reservation of the rents in the sale of the land to Simonson.

It is well settled that a deed conveying the title to land in fee simple carries with it the right to collect the rents, and, "unless the deed reserves the right in the grantor to collect and use the rents, these pass as a necessary incident with the land to the grantee." *Gibbons* v. *Dillingham,* 10 Ark. 9; *Latham* v. *First National Bank of Fort Smith,* 92 Ark. 315; *Gailey* v. *Ricketts,* 123 Ark. 18. Where the deed is absolute on its face and contains no reservation of the rents, proof of an oral reservation is not admissible. *Gibbons* v. *Dillingham, supra; Hardage* v. *Durrett,* 110 Ark. 63; *Broderick* v. *McRae Box Co.* 138 Ark. 215.

"The rule that parol evidence," this court has held, "is inadmissible to contradict or vary the terms of a written instrument, is necessarily confined in its application to the parties to it or those claiming some right or interest under it." *Talbot* v. *Wilkins,* 31 Ark. 411; *Gates & Bro.* v. *Steele,* 48 Ark. 539. However, the situation of appellant, Barfield Mercantile Company, falls within the operation of this rule, for appellant assigned the lease to Wilhite and Anthony, and they undertook to assume the obligation by paying the rent. The leasehold estate thus acquired by Wilhite and Anthony under the assignment became merged into the fee simple title in the purchase by them of appellee's interest, and the obligation of appellant, as the original lessee, to pay the rent to appellee was thereby extinguished. Appellant was therefore directly interested in the deed from appellee to Simonson, because it was in the chain of conveyances to Wilhite and Anthony, which constituted the extinguishment of appellant's obligation under the lease by the merger of the leasehold into the greater estate. The court therefore erred in permitting appel-

lee to prove the oral reservation and in rendering judgment in favor of appellee on the undisputed facts.

The judgment is therefore reversed, and the cause is remanded for a new trial.