## CITY OF CROSSETT *v.* Tommie Russell RILES and Wife

76-394                                      549 S.W. 2d 800

Opinion delivered May 2, 1977
(Division I)

*Thomas S. Streetman,* City Atty., for appellant.

*Switzer, Switzer & Draper,* for appellees.

GEORGE ROSE SMITH, Justice. This is an action against

the city of Crossett for breach of contract, a municipality not being suable in tort.

In 1961 the plaintiffs were living in a home near the city. In order to relieve a flooding problem the city obtained from the plaintiffs an easement, 30 feet wide, for a drainage ditch across the plaintiffs' land. Through the years the city passively failed to keep the ditch in good repair. In 1975 a heavy rain caused the water in the ditch to overflow and rise to a depth of several inches within the plaintiffs' house, with extensive property damage.

The plaintiffs brought this action for damages on the theory that the instrument granting the easement imposed upon the city a duty to maintain the ditch so that the plaintiffs' property would be protected from such damage as that which occurred. The city denied the existence of any such duty. The trial judge considered the written instrument to be ambiguous and submitted its meaning to the jury, which returned a $7,500 verdict for the plaintiffs.

We agree with the city, for either of two alternative reasons. First, we find no real ambiguity in the written agreement. It grants to the city "a right of way and easement for the purpose of constructing, maintaining and repairing a drainage ditch over, across, and through" a 30-foot strip across the plaintiffs' land. The grantee is given rights of ingress and egress "for the purposes herein contained." The grantee agrees that in the construction and maintenance bf the ditch no stumps, brush, trees, limbs, or debris shall be placed, piled or moved so as to create a fire hazard, damage any property of property owners in the vicinity, or otherwise damage nearby standing trees. The grantee agrees to indemnify, defend, and hold harmless the grantors against claims for damages to persons or property arising from acts or omissions of the grantee relating to the construction and maintenance of the drainage ditch.

We can find no language in the instrument, and counsel for the appellees point to none, expressly or impliedly binding the city to construct or maintain or repair the ditch. The instrument is just what its title says, "Grant of Easement." It is essentially a conveyance *by* the grantors *to* the grantee, of cer-

tain privileges, with limited protective language in favor of the grantors. Absent any language imposing an affirmative duty of maintenance upon the city, no such duty existed.

Secondly, even if the appellees' insistence that the instrument is ambiguous be accepted, the proof still does not support the jury's finding of liability on the part of the city. The parol evidence rule is actually a rule of substantive law. *Hoffman v. Late,* 222 Ark. 395, 260 S.W. 2d 446 (1953). Under that rule, all antecedent proposals and negotiations are merged into the written contract, which cannot be added to or varied by parol evidence. *Zearing v. Crawford, McGregor & Camby Co.,* 102 Ark. 575, 145 S.W. 266 (1912); Comment, Scope and Operation of the Parol Evidence Rule in Arkansas, 4 Ark. L. Rev. 168, 169 (1949).

The appellees were allowed (erroneously, we think) to introduce oral evidence of intent, but even that evidence does not sustain the verdict. The plaintiff Riles was asked if he had any discussion with the mayor, when the contract was signed in 1961, about who would be responsible for the condition of the ditch. Riles answered, "Yes, sir," but did not say what the discussion was. Even if he had said that the mayor promised to assume responsibility, the testimony would have been inadmissible.

Riles also testified that within five years before the trial he asked the mayor on several occasions to clean out the ditch. On one occasion the mayor answered that the city was "broke," on another that he had no one to do the job. Such casual conversations, occurring some ten years after the contract was signed, fall short of establishing a new agreement, supported by a consideration, binding the city to maintain the ditch. We find no competent testimony creating an issue of fact with respect to the city's asserted obligation to maintain the ditch.

The judgment is reversed and the cause dismissed.

We agree. HARRIS, C.J., and HOLT and ROY, JJ.