Aubrey TAYLOR *v.* Johnnie RICHARDSON, d/b/a RICHARDSON CONSTRUCTION COMPANY

78-320                                      585 S.W. 2d 934

Opinion delivered September 10, 1979
(Division II)

*Jones & Tiller,* by: *Marquis E. Jones,* for appellant.

No brief for appellee.

FRANK HOLT, Appellee built appellants a "custom" house. Appellants moved into the house on November 16, 1973. Thereafter they commenced this action for breach of contract, alleging that the appellee had refused to correct numerous defects and construction errors. They sought $6,-

970 damages to "correct the construction errors and defects." Subsequently, they amended their complaint seeking damages in the amount of $9,000 due to "diminution in the value of plaintiff's property." By counterclaim, appellee sought $379 from appellants. The court, sitting as a jury, found that where there are "defects in a building which can be remedied by repair or completing the omissions, the measure of damages is the cost of such repair rather than the difference between the value of the building as constructed and that contracted for." Damages of $166.98 were awarded to appellants for the omissions of certain items in the construction. This award was deemed sufficient to offset the balance found to be due on appellee's counterclaim. For reversal appellants contend that the court erred in its findings of fact and application of the law to the facts presented. The thrust of their argument is that their evidence is "overwhelming" that they are entitled to damages based upon the difference between the value of the building as constructed and the cost contracted for.

We deem it appropriate at this time to call attention to the fact that Arkansas Rules of Civil Procedure, Rule 52, effective July 1, 1979, has altered the standard of review on appeal as to cases tried by a circuit judge, sitting as a jury. That rule provides: "Findings of fact shall not be set aside unless clearly erroneous (clearly against the preponderance of the evidence), and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." In other words, on appellate review the substantial evidence test will not be applicable to cases tried on or after July 1, 1979.

The case at bar was tried before the effective date of Rule 52. Therefore, the rule applies here that on disputed issues of fact, we are concerned only with whether there is any substantial evidence to support the finding of the court, sitting as a jury. *McMillan* v. *Mueser Material & Equipment Co., Inc.*, 260 Ark. 422, 541 S.W.2d 911 (1976); and *Fanning* v. *Hembree Oil Co.*, 245 Ark. 825, 434 S.W.2d 822 (1968). In determining the sufficiency of the evidence, we review all of the evidence in the light most favorable to the appellee and affirm if there is any substantial evidence to support the court's finding. *Thrifty*

*Rent-A-Car* v. *Jeffrey*, 257 Ark. 904, 520 S.W.2d 304 (1975). There we also observed that "we consider only the evidence of the appellee or that portion of all the evidence which is most favorable to him." In *Carter* v. *Quick*, 263 Ark. 202, 563 S.W.2d 461 (1978), relied upon by the appellants, it was argued, as here, that the proper measure of damages was the difference in value of the home as erected and its value if it had been constructed according to the contract rather than the cost of replacement and repair. In rejecting this argument, we reiterated:

> A substantial compliance by the contracter is all that is required under the law, he being charged (where there is a substantial compliance) with the difference in value between the work as done and as contracted to be done, or the replacement of defective work where this can be done without great expense or material injury to the structure as a whole.

Here the evidence was in conflict, as to compliance by the contractor or the magnitude of the asserted defects. According to the appellants and their witnesses, the construction of the house was "inferior workmanship," "substandard construction," and "sloppy." The house was constructed below grade, resulting in the sunken living room sustaining water seepage. A 16' garage door was installed instead of an 18' door. A 36" fireplace was installed instead of a 42" fireplace. Numerous other defects and omissions were detailed although, as found by the court, they were unsupported by "evidence of a breakdown nature." Appellants' witness estimated a total of $4,750 damages as the difference in value of their house as constructed and that contracted for or $9,500 based on cost of repairs.

Appellee, however, presented evidence to the contrary. His expert witness testified that he examined the exterior and interior of the house. He noticed no constructural defects. He would have had no objection to the quality of workmanship had he examined the house for a lending institution. The house appeared to be of average quality and construction, structurally sound, and very typical for the neighborhood. Also he found "no significant slope in the property so as to

affect the drainage," and "no indication of any water damage or drainage problems." It is undisputed that the appellants provided appellee with the plans and specifications for the construction of a house on a lot selected by them. Appellee testified that appellants' main complaint was about the fireplace and the garage door. The substitution of the 16' garage door for the 18' garage door was made with appellants' knowledge and adequately served the purpose. The substitution of a smaller fireplace was necessary and done with appellants' knowledge. Gutters, for which the court awarded $60, and an iron gate, for which the court awarded $75, were not installed because construction was not yet completed, and he had not been fully paid.

In resolving the conflicting evidence, the court found that defects attributable to the workmanship of the appellee could be adequately and reasonably repaired, and therefore the proper measure of damages was the cost of such repair. When we review the evidence most favorable to the appellee, as we must do on appeal, we cannot say that there is no substantial evidence to support the court's finding of facts and application of the measure of damages.

Affirmed.

We agree: HARRIS, C.J., and BYRD, and, PURTLE, JJ.