## Clinton STERLING and Imogene STERLING
### *v.* Johnny LANDIS

CA 82-501                                            658 S.W.2d 429

### Court of Appeals of Arkansas
### Division II
### Opinion delivered October 19, 1983

*Pollard & Cavaneau,* by: *Jerry Cavaneau.* for appellants.

*Boyett, Morgan & Millar, P.A.,* by: *Mike Millar,* for appellee.

GEORGE K. CRACRAFT, Judge. The sole question presented by this appeal is whether parol evidence is competent to establish an oral modification of agreements contained in an instrument required to be in writing by the Statute of Frauds when offered by a stranger to the written instrument. We hold that it is.

Clifton Sterling brought this action to recover treble damages from Johnny Landis for wrongfully cutting and removing standing timber from his land without his consent. He had also initiated criminal proceedings against Landis based on that incident. Landis admitted that he had cut the timber but asserted that the cutting had been authorized by Lizzie Mae Sterling under an oral agreement she had with Clifton Sterling giving her that right. Landis counterclaimed against Sterling to recover damages for malicious prosecution based on the criminal proceedings. The jury found all issues against Sterling and judgment was entered for Landis on his counterclaim. Sterling appeals from that judgment contending that the trial court erred in not excluding evidence of a parol modification of the terms of a prior written instrument. We do not agree.

The record discloses that E. D. Sterling died in 1965 owning and occupying as his homestead a tract of land from which the timber was cut. He was survived by his widow, Mae Sterling, and fourteen children, one of whom was the appellant, Clifton Sterling. By several separate deeds executed in 1968 the appellant acquired all the interest, both of Mae Sterling and of his brothers and sisters, in the property. Some, but not all, of the conveyances contained the following reservation:

> It is understood that our mother Lizzie Mae Sterling may live in the house as long as she wishes, provided the pays the taxes on the estate and keeps the buildings, and pasture fences, as long as the land is used for pasture, in as good a state of repairs as they are in now.

There was testimony which, if competent, was sufficient to sustain the jury's finding that subsequent to the execution of the deeds the appellant orally agreed to give his

mother, Lizzie Mae Sterling, full authority to do whatever she pleased with the property including a right to dispose of the timber during her lifetime. The court admitted this evidence over appellant's objection that it was violative of both the parol evidence rule and the Statute of Frauds. The court instructed the jury that title to the timber and the right to remove it remained in the owner and that Mae Sterling had no right to sell it, unless they found that there was an oral modification of the written agreement conferring that right on her. The appellant contends that the court erred in both admitting the evidence and giving that instruction.

Ark. Stat. Ann. § 38-101 (Repl. 1962) prohibits the bringing of an action to charge any person on a contract for the sale of land or any interest in it unless the agreement is in writing and signed by the person sought to be charged. The appellant argues that the oral agreement was tantamount to a conveyance of the timber to Mae Sterling and that permitting Landis to offer evidence of the oral agreement as a defense effectuated a transfer of an interest in the realty prohibited by the Statute of Frauds. We agree with the appellant that standing timber is a part of the realty and sales of it constitute sales of an interest in the realty within the meaning of the Statute of Frauds. *Griffith* v. *Ayer-Lord Tie Company,* 109 Ark. 223, 159 S.W. 218 (1913); *Ozan Lumber Co.* v. *Price,* 219 Ark. 709, 244 S.W.2d 486 (1951). We do not agree, however, that those cases or the Statute of Frauds have any application to the facts of this case.

This was not an action by the appellee to charge the appellant with a transfer of an interest in the timber. The appellant's cause of action was one to collect damages from an alleged wrongful cutting of timber without his consent. The objected to evidence was offered by the appellee in support of his defense that the consent to cut the timber had been obtained from one authorized by the appellant to give it. In this regard the facts are remarkably similar to those in *Harrison* v. *Davidson,* 201 Ark. 1185, 149 S.W.2d 49 (1941) in which the Supreme Court reached the same conclusion.

Nor do we conclude that the evidence of oral modification of the original agreement is incompetent under the

Parol Evidence Rule, which is a substantive rule in the law of contracts requiring the exclusion of evidence of all prior or contemporaneous agreements of the parties which would vary the express terms of their written agreement. It is well established that this rule is not violated by proof of a subsequent oral agreement modifying the terms of a written one, *City of Crossett* v. *Riles,* 261 Ark. 522, 549 S.W.2d 800 (1977); *Brown* v. *Aquilino,* 271 Ark. 273, 608 S.W.2d 35 (Ark. App. 1980), and that its application is confined to the parties of the contract and does not preclude a stranger from introducing parol evidence for the purpose of varying a written one. *Talbot* v. *Wilkins,* 31 Ark. 411 (1876); *Barfield Mercantile Co.* v. *Connery,* 150 Ark. 428, 234 S.W. 481 (1921); *Arkmo Lumber Co.* v. *Cantrell,* 159 Ark. 445, 252 S.W. 901 (1923). While in *Arkmo* the court declared that the general rule permitting subsequent oral modification of written contracts did not apply to instruments which contained a provision which the Statute of Frauds required to be in writing, it confined that restriction to the parties to the instrument and made no change in the law which permitted a stranger to that contract to introduce parol evidence for the purpose of varying a written contract.

In *Arkmo* McClung leased his farm lands to Scroggin for a period in excess of one year, which required that the lease agreement be reduced to writing. The written lease contained a provision in which the lessee agreed that he had no right to repair any buildings on the property at the cost of the lessor without his written consent. During the term of the lease the lessee did make extensive repairs contending that by subsequent amendment the lessor had authorized him to do so at lessor's expense. When the lessor's executor disallowed the claim of Arkmo Lumber Company for materials supplied for those repairs Arkmo sued both lessor and lessee for the cost of the materials and sought to impose a materialman's lien on the land. Among the various issues in this case was a prayer by the lessee that in the event judgment be rendered against him for the materials purchased that he have judgment against the lessor's estate under the terms of their oral modification.

As between the parties to the lease the court held the evidence of oral modification was inadmissible. It declared

that a contract which the Statute of Frauds requires to be in writing cannot be varied by subsequent oral agreements in the following language:

> McClung and Scroggin could have entered into a valid parol contract for the repairs and improvements on the McClung plantation, but they did not elect to do so. They chose to embody the contracts as to repairs and improvements in the written contract of lease. Having thus made it a part of the written contract of lease, they could not afterwards take it out and substitute a new parol contract as to the improvements without modifying the written lease contract, which the statute of frauds required to be in writing.

However, as between the supplier of the materials who was a stranger to the lease contract and the parties to the lease the court declared evidence of the oral modification to be competent and admissible in the following language:

> We have held in several cases that the rule which excludes parol evidence for the purpose of varying a written contract is confined to the parties to the contract, and does not preclude a stranger to it from introducing such evidence. *Talbot* v. *Williams* [sic], 31 Ark. 411; *Gates & Bro.* v. *Steele*, 48 Ark. 539; *Barfield Mercantile Co.* v. *Connery*, 150 Ark. 428.

Here Landis was not a party to the original written agreements. We conclude that the trial court committed no error in admitting the oral testimony of the oral modification of the original written agreements and proving his defense that the person from whom he obtained authority to cut the timber had the authority to give it.

Affirmed.

CLONINGER and GLAZE, JJ., agree.