PRUDENTIAL INSURANCE COMPANY OF AMERICA
*v.* Gary STRATTON, Jr. and Bill STRATTON

CA 84-230                                    685 S.W.2d 818

Court of Appeals of Arkansas
Division II
Opinion delivered March 13, 1985
[Supplemental Opinion on Denial of Rehearing June 12, 1985.]

146

*David Solomon*, for appellant.

*Garland Q. Ridenour, Ltd.*, for appellee.

MELVIN MAYFIELD, Judge. The appellees filed suit against the appellant seeking to recover on a written

contract under which they were to clear approximately 160 acres of land owned by appellant. Appellees, a father and son partnership, were to be paid $250.00 per acre to "cut, pile and burn all trees, brush and other vegetation either standing or fallen" on the land. The contract was signed on September 10, 1981. Work was to commence "immediately" and be completed "no later" than November 25, 1981.

The appellant contends that on November 24, 1981, the appellees were advised that it was obvious they were not going to be able to finish the job by the next day and, therefore, other alternatives would be found to get the land cleared. However, the appellees contend that they were "fired" and told to stop work immediately and remove their equipment from the land. In either event, the appellees did no more work after the "message" was delivered, but subsequently filed suit alleging they were entitled to judgment for the "loss of profits" sustained by the "breach" of their contract. The appellant denied these allegations and filed a cross-claim based on the contention that appellees' failure to complete the work on time caused appellant loss of profits as the land was not ready for the planting of crops in the fall of 1981 or the spring of 1982. The jury found for the appellees and against the appellant and fixed appellees' recovery at $24,000.00, plus interest. We reverse and remand for a new trial.

Appellant's first argument on appeal is that its motion for directed verdict should have been granted. This argument is based in part upon the proposition that the appellees admit it would have taken them five days after November 25 to have completed the job. Since appellees had already been paid $24,000.00 for the work they had done, it is appellant's position that appellees' inability to complete the contract by the November 25 deadline means they are not entitled to be paid any additional amount.

Appellees point to their testimony that on November 24 they had already completed more than 80% of the work to be done under the contract; that they were "fired" before noon on the 24th and, therefore, had a day and a half left on their contract; that appellant granted them the right to sell the timber, but had also granted that right to a third party, and

appellees were delayed in their work for three weeks while appellant was resolving this matter; and that there were three weeks of rain and inclement weather during the contract period in which their heavy equipment could not work. They contend this evidence made a breach of contract issue for the jury to decide.

We consider the appellant's argument that it was entitled to a directed verdict together with its argument that the court erred in one of the instructions given to the jury over appellant's objections. The instruction involved told the jury that if appellant breached the contract, the appellees were entitled to recover the unpaid balance of the contract price less any costs they would have incurred in completing the work required by the contract. The appellant says this instruction is wrong because the undisputed evidence shows the appellees could not have completed the contract by November 25; thus, the appellant did not breach the contract and, furthermore, the correct measure of any damage to which the appellees could have been entitled would be on a quantum meruit basis.

We think the court's instruction was erroneous for the reasons stated by appellant. In the first place, the evidence that the appellees lost three weeks of working time as a result of the timber rights dispute should not have been considered by the jury. The appellant filed a motion in limine alleging that such testimony would violate the parol evidence rule and should not be admitted into evidence. The court ruled that under the cases of *Lane* v. *Pfeifer,* 264 Ark. 162, 568 S.W.2d 212 (1978) and *Sterling* v. *Landis,* 9 Ark. App. 290, 658 S.W.2d 429 (1983), the evidence as to the timber rights dispute would not be admissible to vary the terms of the contract between the appellant and the appellees but would be admissible as proof of consequential damages sustained by the appellees who claimed they had the right to sell the timber cut from appellant's land.[1] When this evidence was offered during the trial, the appellant again objected to its admissibility and the court again made the ruling it had made on the motion in limine.

---

[1] Appellees do not claim that they delayed cutting the timber for fear of liability to third parties.

As we view the matter, the effect of the court's ruling was to hold that the evidence was not admissible on the breach of contract issue because it would violate the parol evidence rule. To that extent, we think that ruling was correct. *Sterling* and *Lane* both recognize that parol evidence is not admissible to vary the terms of a written instrument, but *Lane* held the oral evidence there pertained to a collateral fact about which the written agreement was silent, and *Sterling* held the oral agreement there was made subsequent to the written agreement and did not violate the parol evidence rule for that reason. In the instant case, however, Mr. Bill Stratton testified that there was a discussion about who owned the timber rights *prior* to the signing of the written contract. Appellant's representative testified to the same effect. Mr. Gary Stratton testified that he at no time discussed the matter with appellant's representative but admitted that his father, Mr. Bill Stratton, did. Moreover, the written contract itself specifically provides that the appellees will "cut, pile and burn all trees, brush and other vegetation either standing or fallen" on the land. Thus, the right, claimed by the appellees, to sell this timber would not be a collateral right about which the written agreement is silent.

We think it clear that evidence by the appellees that they lost three weeks of working time as a result of appellant's dispute as to the ownership of the timber on the land could not be considered by the jury on the issue of whether the appellant breached the contract with the appellees. That testimony violated the parol evidence rule and the court on two occasions held it inadmissible because of that reason.

Nor do we find any other evidence in the record from which the jury could find that the appellant breached the contract with appellees. The contract dated September 10 clearly provided that work would start immediately and be completed by November 25. It is admitted that this eleven-week period was sufficient but for the three weeks lost over the dispute about the timber rights and the three weeks lost due to inclement weather. Appellees cite no authority to support their contention about the weather. We have found a case; however, involving the construction of a golf course, that held substantial erosion from a torrential rainfall was

insufficient to grant relief under the doctrine of "commercial frustration," *Pete Smith Company* v. *City of El Dorado,* 258 Ark. 862, 529 S.W.2d 147 (1975); and a case holding that freezing temperatures in Missouri during January, February, and March were to be expected and did not afford relief from failure to perform on a contract, *Missouri Pacific Railroad Co.* v. *Terrell,* 410 S.W.2d 356 (Mo. App. 1966). Since neither the evidence about the three weeks they claimed to have lost as a result of the dispute over title to the timber nor the evidence about the three weeks they claimed to have lost due to the weather would permit a finding that appellees' time for performance was extended, the trial court erred in giving the instruction that allowed the jury to find that the appellant breached the contract.

We also think the instruction was incorrect in regard to the manner in which it submitted the damages issue to the jury. Although there was no evidence of breach of the contract by it, the appellant was not entitled to a directed verdict because there was evidence that the appellees had substantially performed their part of the contract. We discussed this matter in the case of *Pickens* v. *Stroud,* 9 Ark. App. 96, 653 S.W.2d 146 (1983). In that case we cited D. Dobbs, *Handbook on the Law of Remedies,* § 12.24 at 918-19 (1973), as stating that the doctrine of substantial performance will allow a contractor to recover despite the fact that there has been an immaterial breach of the contract by him. We also said that doctrine is followed in Arkansas and cited *Carter* v. *Quick,* 263 Ark. 202, 563 S.W.2d 461 (1978), and *Taylor* v. *Richardson Const. Co.,* 266 Ark. 447, 585 S.W.2d 934 (1979). Those cases hold that a contractor who has substantially performed is entitled to recover the contract price, less the difference in value between the work as done and as contracted to be done, or less the cost of correcting defective work where this can be done without great expense or material injury to the structure as a whole. Those cases involved the construction of a building. However, the doctrine of substantial performance is not restricted to building contracts but applies to contracts of all kinds. 3A Corbin, *Corbin on Contracts,* § 701 (1960); 17 Am. Jur. 2d *Contracts* § 375 (1964).

The case of *Royal Manor Apts.* v. *Powell Const. Co.,*

258 Ark. 166, 523 S.W.2d 909 (1975), holds that a sub-contractor who has substantially performed, but has not completed all the work, may elect to rely upon the contract and claim the full amount of the agreed price less what it would have cost him to complete the job, or in the alternative, he may seek to recover, on a quantum meruit basis, the reasonable value of the work he has performed. In the instant case, the appellees sought to recover according to the measure of damages of *Royal Manor,* but their right to recover those damages depends upon whether or not they were in substantial performance, or would have been at the end of the day on November 25, 1981. We think this presented an issue of fact, but the court's binding instruction allowed the jury to award damages to the appellees without deciding the factual issue of substantial performance. We think that was reversible error. *See Tannhaeuser Co.* v. *Holiday House,* 83 N.W.2d 880 (Wisc. 1957), where the court approved a statement from *Corbin on Contracts* that the issue of substantial performance "is always a question of fact." *But cf. Ocean Ridge Develop. Corp.* v. *Quality Plastering, Inc.,* 247 So.2d 72 (Fla. Dist. Ct. App. 1971) (finding evidence clear enough to make the question one of law). *See also Miller* v. *Ballentine,* 242 Ark. 34, 411 S.W.2d 655 (1967), where the court said "it is inherently wrong to give an instruction which ignores a material issue in the case and allows the jury to find a verdict without considering the omitted issue." *Accord Swink & Co.* v. *McEntee & McGinley, Inc.,* 266 Ark. 279, 293, 584 S.W.2d 393 (1979).

In view of a retrial, we call attention to the discussion of "What constitutes substantial performance," 17 Am. Jur. 2d *Contracts* § 378 (1964). Also, *Restatement (Second) of Contracts* § 237, comment d (1983) states that the following considerations found in § 241 are significant in determining whether performance is substantial:

(a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;

(b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;

(c) the extent to which the party failing to perform

or to offer to perform will suffer forfeiture;

(d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances;

(e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

In the event there was no substantial performance by the appellees in this case, they are still entitled to recover on a quantum meruit basis for any time, labor, and materials that they may have expended on any work performed for appellant for which they have not been paid. In that event, however, the basis of their recovery is the benefit conferred upon the appellant. *See Pickens* v. *Stroud, supra.*

The appellant also argues that the appellees did not qualify as experts in the appraisal of timber and that their opinions as to the value of the timber standing on the land covered by the contract did not constitute substantial evidence to support the jury's verdict, which included an award in some amount for the value of this timber. This issue, however, is not likely to arise again on retrial as we hold that the evidence introduced in this case as to an agreement that appellees could sell the timber cut from the land violated the parol evidence rule and was not admissible on either the breach of contract issue or the issue of consequential damages.

Finally, the appellant argues that the court erred in allowing prejudgment interest. Since we are reversing this judgment, we will not discuss the interest issue as to it, but we must give some guidance for retrial. In *Berkeley Pump Co.* v. *Reed-Joseph Land Co.,* 279 Ark. 384, 653 S.W.2d 128 (1983), the court said prejudgment interest is generally not recoverable where damages are inexact and uncertain; and in *Loomis* v. *Loomis,* 221 Ark. 743, 255 S.W.2d 671 (1953), it was said that interest is not allowed where liability can be determined only by litigation, as in a suit for personal injuries or for recovery upon quantum meruit. On the other hand, *Loomis* also said that there are many instances in

which interest is allowed even though the precise extent of liability is not known until trial; for example, liability for breach of a contract. In *Love* v. *H. F. Const. Co.*, 261 Ark. 831, 552 S.W.2d 15 (1977), a contractor brought suit to recover for changes made in contracts to build dams, and the court said the claims were capable of ascertainment with a reasonable degree of certainty and affirmed interest allowed from the date of contract completion.

In the instant case, we hold that appellees will be entitled to prejudgment interest from November 25, 1981, if they recover the agreed contract price less what it would have cost to complete the contract. They will not be entitled to prejudgment interest if they recover upon a quantum meruit basis. In the event of a jury trial, it will probably be necessary to employ a special verdict in order to determine the basis of the jury's decision. *See* ARCP 49.

All the issues raised by the parties have been addressed. The judgment appealed from is reversed and the case is remanded for a new trial.

COOPER and GLAZE, JJ., agree.

Supplemental Opinion on Denial of Rehearing
June 12, 1985

690 S.W.2d 750

MELVIN MAYFIELD, Judge. One of the grounds urged for rehearing in this case is that we erred in holding inadmissible the evidence that appellees lost three weeks of working time as a result of a claim by a third party to the timber cut by appellees. This evidence was offered to support the claim that appellees did not complete their written contract by the agreed date because the appellant had given them the right

to sell the timber, but a third party made claim to it, and appellant took too long to resolve the matter. We agreed with the appellant that this evidence was inadmissible because it violated the parol evidence rule. Our opinion pointed out that the written contract provided that the timber cut by the appellees should be burned. We cited the case of *Sterling* v. *Landis,* 9 Ark. App. 290, 658 S.W.2d 429 (1983), and recognized its holding that the parol evidence rule is not violated by proof of a *subsequent* oral agreement modifying the terms of a written contract; but we said appellees' evidence about their right to sell the timber cut by them was concerned with discussions made *prior* to the signing of the written contract.

In the brief in support of appellees' petition for rehearing, it is said there was testimony concerning conversations about the timber rights that took place both *prior* and *subsequent* to the signing of the written contract. The parol evidence rule is actually a rule of substantive law which provides that all antecedent proposals and negotiations are merged into the written contract. *City of Crossett* v. *Riles,* 261 Ark. 522, 549 S.W.2d 800 (1977). We have carefully examined appellees' references to the transcript and find that the record simply will not support the contention that there was a subsequent agreement modifying the terms of the written contract as to disposition of the timber cut from the land being cleared.

In addition to the contention that the trial court erred in admitting evidence that violated the parol evidence rule, the appellant contended that the judgment in this case should be reversed because the trial court should have granted appellant's motion for a directed verdict, and because the trial court erred in giving a certain jury instruction. We agreed as to the instruction since it allowed the jury to find that the appellant breached the contract when there was no evidence properly in the record from which that finding could be made. We did not agree that the appellant was entitled to a directed verdict. In that regard, we said the evidence raised a question of fact as to whether the appellees had substantially performed their contract and, even if they had not substantially performed, they were "still entitled to

recover on a quantum meruit basis for any time, labor, and materials they may have expended on any work performed for appellant for which they have not been paid." In the latter event, we said the "basis of their recovery is the benefit conferred upon the appellant."

In our discussion of the measure of damages where there has been substantial performance, we referred to the case of *Royal Manor Apts.* v. *Powell Const. Co.*, 258 Ark. 166, 523 S.W.2d 909 (1975). However, in their rehearing argument the appellees state that *Royal Manor* did not involve the question of substantial performance. They are obviously correct as the opinion in that case clearly states that the appellee there was not in default; that the general contractor had prevented the appellee from completing the work and, therefore, the appellee could elect to rely upon the contract and claim the full amount due, less what it would have cost to complete the job, or could recover the reasonable value of its performance on a quantum meruit basis.

Since *Royal Manor* was not a substantial performance case, the rule of damages in that case which allowed a quantum meruit recovery will not apply where the right to recovery is based upon substantial performance. In that situation the measure of recovery is the contract price, less the difference in value between the work as done and as contracted to be done, or less the cost of correcting defective work where this is a reasonable alternative. *See Carter* v. *Quick*, 263 Ark. 202, 563 S.W.2d 461 (1978) and *Taylor* v. *Richardson Const. Co.*, 266 Ark. 447, 585 S.W.2d 934 (1979), cited in our original opinion. *See also* 5 Corbin, *Corbin on Contracts* § 1110 (1964) (explaining why quantum meruit recovery is not allowed a plaintiff who has substantially performed).

COOPER and GLAZE, JJ., agree.