SCHOONOVER, Acting Chief Judge.
The appellant challenges an adverse final judgment holding that it breached its contractual obligation to purchase fruit. The record reflects sufficient, competent evidence to support the trial court’s determination that the appellant, not the appellees, breached the contract in question.
The appellees’ act of selling a portion of their citrus grove to a third party did not constitute a breach of their obligation to provide fruit to the appellant. The appellees’ contract with the appellant “constructively severed” the fruit from the land before the appellees sold the land to said third party. See Bomstein v. Somer-son, 341 So.2d 1043 (Fla. 2d DCA), cert, denied, 348 So.2d 944 (Fla.1977). The record also contains sufficient, competent evidence to support a finding that the third party who purchased the land did so subject to the appellant’s rights to obtain the fruit described in the appellant's contract with the appellees. Although the trial court may have relied upon parol evidence to interpret the effect of the agreement between the appellees and the third party who purchased the land, the appellant was not a party to that agreement and, therefore, cannot argue that such parol evidence is incompetent. See Bessemer Properties, Inc. v. Barber, 105 So.2d 895 (Fla. 2d DCA 1958).
We also find no reversible error regarding the other issues raised by the appellant and, accordingly, affirm the trial court’s final judgment.
AFFIRMED.
FRANK and HALL, JJ., concur.