SILVICRAFT, INC. *v.* SOUTHEAST TIMBER CO., Inc., First State Bank of Gould, Ar., Kenneth Berzent Blagg, and Mable Sue Blagg, His Wife

CA 90-163 805 S.W.2d 84

Court of Appeals of Arkansas
En Banc
Opinion delivered March 6, 1991

*Gibson & Hashem*, by: *Hani W. Hashem*, for appellant.

*Arnold, Grobmyer, & Haley*, by: *Ben F. Arnold* and *David H. Pennington*; and *R. Victor Harper*, for appellee.

MELVIN MAYFIELD, Judge. Appellant Silvicraft, Inc. appeals a decision of the Lincoln County Chancery Court refusing to hold that deeds from appellee First State Bank of Gould to appellee Blagg, and from Blagg to appellee Southeast Timber Co., are void.

The evidence showed that Kenneth Berzent Blagg and his wife Mabel Sue (Blagg) declared Chapter 12 bankruptcy. On November 16, 1988, as part of the bankruptcy settlement, Blagg

executed a warranty deed to 600 acres of property to First State Bank of Gould (bank) and retained a thirty-day right of first refusal (option to repurchase) at a price equal to any offer from a third party to the bank. On February 15, 1989, the bank offered the property for sale at auction and appellant Silvicraft, a timber company, was the high bidder, offering $121,000.00 for the 600 acres. The bank and Silvicraft executed a contract of sale subject to the right of Blagg to exercise his option to repurchase by the stated date of March 21, 1989.

On March 20, 1989, Blagg executed a contract to sell his option to repurchase to Southeast Timber Company, Inc. (Southeast). By this contract Southeast guaranteed to cut a minimum of $97,000.00 worth of timber from the property and agreed that when it had completed harvesting the timber Blagg would have an option to repurchase the property from Southeast. However, the bank refused to deed the property directly to Southeast because that would not comply with the bankruptcy agreement. Blagg then exercised his option to repurchase from the bank and on March 21, 1989, the bank deeded the property to Blagg for $121,000.00, and Blagg immediately executed a warranty deed to Southeast.

Silvicraft then filed suit against Southeast and the bank seeking a temporary restraining order to prevent Southeast from harvesting any timber from the property; to set aside the conveyance from the bank to Blagg and the conveyance from Blagg to Southeast and to have the deeds declared null and void; and for an order requiring the bank to specifically perform its contract to convey the property to Silvicraft at the price it bid at the auction. The Blaggs, necessary parties to the suit, were joined in a subsequent amended complaint when they were released from the protection of the bankruptcy court. The trial court denied the temporary restraining order and subsequently refused to set aside the conveyance from the bank to Blagg or the conveyance from Blagg to Southeast or to require the bank to convey the property to the appellant.

On appeal, appellant contends that in order for Blagg's option to repurchase from the bank to be valid it must not violate the rule against perpetuities; that to avoid violating the rule against perpetuities, the option, which has no expiration date,

would have to be personal to Blagg, thereby expiring at his death; that therefore the option, if personal to Blagg, could not be sold by him, and consequently, the contract to sell the option to Southeast was void.

The rule against perpetuities prohibits the creation of future interest or estates which by possibility may not become vested within the life or lives in being, plus 21 years, from the time of the creation of the interest. This is a rule of property in Arkansas. *Hendriksen* v. *Cubage*, 225 Ark. 1049, 1055, 288 S.W.2d 608 (1956). In *Roemhild* v. *Jones*, 239 F.2d 492 (8th Cir. 1957), it was held that an option to repurchase which contained no language extending the option beyond the specific grantor and grantee was personal and did not violate the rule against perpetuities. 239 F.2d at 496. In *Broach* v. *City of Hampton*, 283 Ark. 496, 677 S.W.2d 851 (1984), the Arkansas Supreme Court held that where there was no language in a deed which extended a repurchase option to the heirs or assigns of the holder of the option, or did not otherwise indicate the option extended beyond the life of the holder, the rule against perpetuities was not violated. 283 Ark. at 499. *See also Estate of Johnson* v. *Carr*, 286 Ark. 369, 691 S.W.2d 161 (1985).

In the case at bar, there is nothing to suggest that the Blagg option to repurchase from the bank extended to the Blagg heirs or assigns, or that it was binding beyond the lives of the Blaggs. Paragraph 4.09 of the Second Amended and Substituted Debtors Chapter 12 Plan provided in pertinent part:

> *First State Bank of Gould, Arkansas (Class IX).* Debtors and secured creditor have also agreed that Debtors will deed this property to this Class IX fully secured creditor for a credit of $200,000 which will pay in full Note No. 19692 . . . . As part of this deedback arrangement, Debtors will have a right of first refusal in connection with the ultimate disposition of Tract VI. Debtors shall have thirty (30) days after actual notice of the terms of said offer is communicated to them to match any offer of purchase which this secured creditor voted to accept.

Clearly, this option was personal to Blagg and did not violate the rule against perpetuities. Thus appellant is correct in its reasoning that Blagg could not sell his option to repurchase from the

bank to appellee Southeast.

Appellant then argues that because Southeast furnished the money which Blagg used to exercise his option to repurchase from the bank, and because Blagg then deeded the property to Southeast, both deeds are void and the bank should be ordered to specifically perform its real estate contract with the appellant. As part of this argument, the appellant contends that the trial court violated the parol evidence rule by allowing Blagg and certain representatives of Southeast to testify that their intent was to transfer only the timber rights to Southeast and for Blagg to retain the land.

 Appellant points out that the parol evidence rule excludes testimony regarding prior or contemporaneous agreements which would vary the terms of the express written agreement of the parties, *City of Crossett* v. *Riles*, 261 Ark. 522, 549 S.W.2d 800 (1977); *Prudential Insurance Company of America* v. *Stratton*, 14 Ark. App. 145, 685 S.W.2d 818 (1985); *Sterling* v. *Landis*, 9 Ark. App. 290, 658 S.W.2d 429 (1983); and argues that, although the court correctly ruled that the agreement by Blagg to sell his option to repurchase to Southeast was void, the court erred in allowing testimony that the warranty deed from Blagg to Southeast was actually a timber deed whereby Blagg retained ownership of the land.

However, we do not think this testimony violated the parol evidence rule as far as the appellant was concerned because it was a stranger to the agreement. This is clearly the holding in *Sterling* v. *Landis*, *supra*, and this is the holding in the following cases cited by the appellees: *American Bank* v. *Wegener*, 776 S.W.2d 922 (Mo. App. 1989) (rule excluding extrinsic evidence sought to be introduced for purpose of affecting a written instrument is applied only where the controversy is between the parties to the instrument or their privies); *Denha* v. *Jacob*, 446 N.W.2d 303 (Mich. App. 1989) (parol evidence rule cannot be invoked either by or against a stranger to the contract); *Tropicana Products, Inc.* v. *Shirley*, 530 So.2d 493 (Fla. App. 1988) (one not a party to the agreement cannot argue that parol evidence to interpret the agreement is incompetent); *Green* v. *Grant*, 635 P.2d 236 (Colo. App. 1981) (parol evidence can be used to vary a contract when the litigation is between a party to the contract and a stranger

thereto).

■ Moreover, we think the testimony complained of was irrelevant. When Blagg exercised his option with the bank and repurchased the property, appellant lost any interest it had in the property. Even if Blagg's agreement to sell or transfer the option to repurchase the property was void, the record contains a warranty deed from the bank to Blagg and a warranty deed from Blagg to Southeast. Blagg's Chapter 12 bankruptcy plan did not require Blagg to exercise the option to repurchase from the bank in any particular manner. There was no requirement with regard to Blagg's method of financing his repurchase. There was no prohibition concerning to whom Blagg could sell the property after he had exercised his option to repurchase it. Apparently, the appellant wants us to hold that because Blagg first contracted to sell his option to Southeast, and because Southeast arranged financing which enabled Blagg to exercise his option to repurchase, Blagg's sale to Southeast was really a sale of Blagg's option to repurchase and therefore void. The trial judge did not make such a finding and we do not think his decision was clearly against the preponderance of the evidence.

■ It is true that the trial court held that "the parties' testimony made clear that . . . the intention of the parties was that Mr. Blagg would have the land and Southeast would have the timber." But if this finding was based upon inadmissible parol evidence, there is still ample evidence in the record that Southeast got a deed from Blagg which conveyed legal title to the land that Blagg got from the bank by virtue of Blagg's option to repurchase. We will sustain the trial judge's decision if it is right, even though he gives the wrong reason. *Broach* v. *City of Hampton*, 283 Ark. 496, 677 S.W.2d 851 (1984); *Moose* v. *Gregory*, 267 Ark. 86, 590 S.W.2d 662 (1979); *Morgan* v. *Downs*, 245 Ark. 328, 432 S.W.2d 454 (1968).

■ Appellant also argues that the trial court erred in failing to exclude hearsay evidence. Most of the evidence appellant regards as hearsay came in at some point without objection. Primarily, the appellant complains that the trial judge was mistaken in holding that all statements by all parties are admissible. Appellant points to Ark. R. Evid. 802(d)(2) and says that admissions by a party opponent are not hearsay but that the

statement must first be made by a party-opponent and then be offered *against* the party, not on his behalf. Although appellant is correct in theory, we do not see any real way to single out the hearsay statements that were objected to that are not part of—or in response to—statements that are not hearsay. Furthermore, we do not think appellant was prejudiced by any hearsay evidence heard by the trial judge in this case. We do not reverse for error that is not prejudicial. *Hibbs* v. *City of Jacksonville*, 24 Ark. App. 111, 749 S.W.2d 350 (1989).

Affirmed.

DANIELSON, J., not participating.