Roy CATE and Judie Cate *v.* Charles S. IRVIN and Ivy Irvin, Husband and Wife

CA 93-426                                                 866 S.W.2d 423

Court of Appeals of Arkansas
Division I
Opinion delivered November 17, 1993

40

*Michael Yarbrough*, for appellant.

*Cypert, Crouch, Clark & Harwell*, by: *William M. Clark, Jr.*, and *R. Jefrey Regnerson*, for appellee.

JUDITH ROGERS, Judge. Appellants, Roy Cate and Judie Cate, appeal from a summary judgment entered against them by the Washington County Circuit Court for a debt due appellees, Charles Irvin and Ivy Irvin. We find no error and affirm.

In 1987, appellants sold the Sunshine Frozen Yogurt Shop in Springdale to appellees. In 1988, appellees sold the shop to Phyl Brinkley, Deborah Brinkley, Phil Dewey and Gail Dewey; the Brinkleys later acquired the Deweys' interest in the shop. The Brinkleys defaulted in their payments to appellees, and in a written contract dated December 31, 1990, appellants agreed to purchase the shop and to assume the Brinkleys' indebtedness to appellees. The 1990 contract contained a merger clause and provided that it could only be modified in writing. Appellants contend that, before they entered into the contract with the Brinkleys, appellees orally agreed to accept $4,000.00 from appellants as full payment of the debt due them. Appellees deny that such an agreement was made.

After appellants defaulted, appellees sued the Brinkleys, the Deweys, and appellants for $7,820.00, the full amount due on the contract, and attached copies of the 1988 and 1990 contracts to their complaint.

In their answer, appellants stated:

> [B]efore entering into the contract . . . with the Brinkleys, [Appellant] Roy B. Cate talked to Charles S. Irvin and it was agreed between them that if the Cates would assume the Brinkley contract, which was then in default,

Irving [sic] would accept Four Thousand Dollars ($4,000.00) in full payment of their interest in the Brinkley contract, payable by the Cates executing a promissory note with payments to begin in June of 1991. Relying on that agreement, the Cates entered into the contract with the Brinkleys to protect both themselves and the Irvins.

In their answers to appellees' requests for admissions of fact, appellants admitted that they had assumed the Brinkleys' debt to appellants but stated that, "at that time, the [appellees] had agreed to accept a note from the Cates in the principal amount of $4,000.00 as payment of that indebtedness." Appellants filed an amended answer and counterclaim wherein they stated that appellees had agreed to accept $4,000.00 in full payment of the debt and, as a result of that representation, appellants had entered into operation of the yogurt shop.

Appellees moved for summary judgment against the Brinkleys, the Deweys, and appellants, arguing that the purported oral agreement to limit the debt to $4,000.00 was inadmissible under the parol evidence rule. In their affidavit supporting their motion, appellees denied agreeing, either orally or in writing, to accept any reduced amount for the debt.

In their brief in response to appellees' motion for summary judgment, appellants set forth a lengthy recitation of facts which they claimed demonstrated that they had a separate oral contract with appellees:

Cate . . . contacted Irvin and explained that if Brinkley and Dewey defaulted, both Cate and Irvin would sustain financial losses. Cate inquired of Irvin how much he would settle for to cancel the debt that Brinkley and Dewey owed him. At this time, the amount of the debt was approximately $7,800. Irvin called Cate on the telephone and told Cate and he would accept $4,000 to settle the Brinkley/Dewey debt, and allow Cate to operate the business.

Pursuant to this agreement, Cate bought the yogurt store on December 31, 1990. On January 7, 1991, Cate executed a promissory note in which he agreed to pay Irvin $4,000.

In their affidavit supporting their response to the motion for summary judgment, appellants stated that the facts recited in the brief were correct and incorporated them within their affidavit.

In a letter opinion, the circuit judge initially held that evidence of the purported oral agreement to limit the debt to $4,000.00 did not violate the parol evidence rule because there was no written contract between appellees and appellants. Appellees then moved for reconsideration of this holding, arguing that they could properly invoke the parol evidence rule as to the purported oral agreement because they were third-party beneficiaries of the contract wherein appellants agreed to assume the debt due appellees.

The circuit court was persuaded by appellees' argument and entered summary judgment for appellees against the Brinkleys, the Deweys, and appellants in the amount of $11,714.00, which included interest, attorneys' fees, and costs. The circuit court concluded that appellees were third-party creditor beneficiaries of the 1990 contract of sale between the Brinkleys and appellants and that the parol evidence rule would not permit oral modification of that contract. The Deweys and the Brinkleys have not appealed.

On appeal, appellants argue that the trial court erred in granting appellees' motion for summary judgment because they had an original and independent agreement with appellees. They argue that the parol evidence rule does not bar evidence of their separate oral agreement with appellees regarding the debt. Apparently, appellants seek to persuade this court that prior oral negotiations and agreements between a party to a written contract and the third-party beneficiary of that contract are not subject to the parol evidence rule. As explained below, we disagree. Appellants alternatively argue that, even if the parol evidence rule does apply, it does not bar such evidence in this case because a written contract may be modified or revoked by a *subsequent* oral agreement even if the written contract says otherwise. Therefore, appellants argue, whether an oral modification of the written agreement occurred is also a question of fact which should be tried. Again, we disagree.

The parol evidence rule prohibits the introduction of extrinsic evidence, parol or otherwise, which is offered to vary the terms of a written agreement; it is a substantive rule of law, rather than a rule of evidence, and its premise is that the written agreement itself is the best evidence of the intention of the parties. *First Nat'l Bank of Crossett* v. *Griffin*, 310 Ark. 164, 168, 832 S.W.2d 816, 819 (1992), *cert. denied*, ___ U.S. ___, 113 S.Ct. 1280 (1993). It is a general proposition of the common law that in the absence of fraud, accident or mistake, a written contract merges, and thereby extinguishes, all prior and contemporaneous negotiations, understandings and verbal agreements on the same subjects. *Id.* It is well settled that a written contract may be modified by a later oral agreement. *O'Bier* v. *Safe-Buy Real Estate Agency, Inc.*, 256 Ark. 574, 576, 509 S.W.2d 292, 293 (1974); *Prudential Ins. Co. of America* v. *Stratton*, 14 Ark. App. 145, 149, 685 S.W.2d 818, 820 (1985). Such testimony is inadmissible if it tends to alter, vary, or contradict the written contract but is admissible if it tends to prove a part of the contract about which the written contract is silent. *Gallion* v. *Toombs*, 268 Ark. 955, 956-57, 597 S.W.2d 842, 843 (Ark. App. 1980).

We agree with the circuit court that the parol evidence rule applies to the purported oral agreement between appellants and appellees. Appellees clearly were the third-party beneficiaries of the 1990 contract wherein appellants agreed to purchase the business from the Brinkleys and to assume the indebtedness to appellees. It is established law that a contract made for the benefit of a third party is actionable by the third party. *Howell* v. *Worth James Constr. Co.*, 259 Ark. 627, 629, 535 S.W.2d 826, 828 (1976); *Monaghan* v. *Davis*, 16 Ark. App. 258, 260, 700 S.W.2d 375, 376 (1985).

Appellants have cited no case which holds that the parol evidence rule is not applicable to prior negotiations and agreements regarding a contract's terms between a party to the contract and the third-party beneficiary of that contract. Our research leads us to conclude that the parol evidence rule was properly applied by the circuit court. It has often been held that the parol evidence rule applies only where the controversy is between the parties to the instrument or their privies and that parol evidence can be used to vary a contract when the litigation is between a party to the contract and a stranger thereto. *See Sil-*

*vicraft, Inc.* v. *Southeast Timber Co.*, 34 Ark. App. 17, 21-22, 805 S.W.2d 84, 87 (1991); *Echo, Inc.* v. *Stafford,* 21 Ark. App. 201, 203, 730 S.W.2d 913, 914-15 (1987); *Sterling* v. *Landis,* 9 Ark. App. 290, 293, 658 S.W.2d 429, 431 (1983). In *Barfield Mercantile Co.* v. *Connery,* 150 Ark. 428, 431, 234 S.W. 481, 482 (1921), the supreme court noted that the parol evidence rule may be applied to the parties to the instrument *and to those claiming some right or interest under it.* This holding was discussed and applied in *Rainey* v. *Travis,* 312 Ark. 460, 464-65, 850 S.W.2d 839, 841 (1993). As third-party beneficiaries of the contract, appellees clearly claim rights under that contract and are directly interested therein. It can also be said with certainty that appellees are not strangers to that contract. Accordingly, the parol evidence rule could properly be invoked by appellees.

It is also apparent that the purported oral agreement by appellees to accept only $4,000.00 from appellants, even if true, occurred *prior* to appellants' execution of the 1990 contract to purchase the shop from the Brinkleys. Accordingly, under the parol evidence rule, evidence of this prior oral agreement is not admissible.

Summary judgment should be granted only when a review of the pleadings, depositions, and other filings reveals that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Magness* v. *Commerce Bank,* 42 Ark. App. 72, 77, 853 S.W.2d 890, 893 (1993); *Watts* v. *Life Ins. Co. of Ark.,* 30 Ark. App. 39, 41, 782 S.W.2d 47, 48 (1990). Once the moving party makes a prima facie showing of entitlement to summary judgment, the party opposing summary judgment must meet proof with proof by showing a genuine issue as to a material fact. *Magness* v. *Commerce Bank,* 42 Ark. App. at 78, 853 S.W.2d at 893.

On motion for summary judgment, the court is authorized to ascertain the plain and ordinary meaning of a written instrument after any doubts are resolved in favor of the party moved against, and if there is any doubt about the meaning, there is an issue of fact to be litigated. *Moore* v. *Columbia Mut. Casualty Ins. Co.,* 36 Ark. App. 226, 228, 821 S.W.2d 59, 60 (1991). When a contract is unambiguous, its construction is a question of law for the court. *Id.* The initial determination of whether a

contract is ambiguous rests with the court. *Id.* When the terms of a written contract are ambiguous, the meaning of the contract becomes a question of fact. *Stacy* v. *Williams*, 38 Ark. App. 192, 196, 834 S.W.2d 156, 158 (1992). We agree with the circuit court that appellants failed to demonstrate a genuine issue of material fact and hold that summary judgment was properly entered for appellees.

Affirmed.

PITTMAN and COOPER, JJ., agree.